**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., Plaintiff, | ) | Case No.: 1:24-cv-12074 |
| v. | ) | Dist. Judge Lindsay C. Jenkins |
| The Partnerships And Unincorporated Associations Identified On Schedule A, | ) | Mag. Judge Jeannice W. Appenteng |
| Defendants. | ) | |

**Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction**

**NOW COME** certain defendants[1] ("Defendants"), by and through their undersigned counsel, in opposition to Plaintiff's motion for preliminary injunction [Dkt. 22] and argue as follows.

I. **Introduction**

Plaintiff filed its Complaint on November 22, 2024, alleging that Defendants committed copyright infringement. [Dkt. 1]. On November 26, 2024, Plaintiff filed an *ex parte* motion for entry of a temporary restraining order, which the Court granted on December 3, 2024. [Dkts. 15, 17]. Plaintiff filed its motion for preliminary injunction on December 10, 2024, which Defendants oppose because this Court lacks personal jurisdiction over Defendants, accordingly this Court does not have the power to issue a preliminary injunction on Defendants and Plaintiff's motion for preliminary injunction against them should be denied and Defendants should be dismissed from the case.

II. **Argument**

[1] Lhiodmall, Leishangdao, Shaojun, Liukekj, Landege, Pingxizhi, Liguanbao, SOAC, Minlixin, Recardis, Sipeihong, Shuliwen, Miangastore, Qiushaoyue, Mizhichuiyu, Saideli, Shengjike, Rejuvena, Quqiuxian, Rrouserry, and Letesi

a. **Legal Standard**

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Further, the preliminary injunction should also be tailored to the violation. Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd., 496 F.3d 769, 772 (7th Cir. 2007). In order to properly receive a preliminary injunction, Plaintiff must have demonstrated by a clear showing that "(1) the threat of irreparable harm for which there is no adequate remedy at law; (2) that the threatened injury to plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest." Am. Can Co. v. Mansukhani, 742 F.2d 314, 321-22 (7th Cir. 1984), *citing*, In re Uranium Antitrust Litigation, 617 F.2d 1248, 1261 (7th Cir. 1980). The movant "bears the burden of persuasion with regard to each factor in the preliminary injunction relief analysis" and if it "fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." Smith v. Foster, 2016 WL 2593957 (E.D. Wis. May 5, 2016), *quoting*, Cox v. City of Chicago, 868 F.2d 217, 219-23 (7th Cir. 1989). Moreover, for a "preliminary injunction order to be valid, the issuing Court must have personal jurisdiction over the defendants." Am. Bridal & Prom Indus. Ass'n, Inc. v. The Partnerships & Unincorporated Associations Identified on Schedule A, 192 F. Supp. 3d 924, 930 (N.D. Ill. 2016). As discussed in more detail below, this Court lacks personal jurisdiction over Defendants and for that reason alone, the requested preliminary injunction for Defendant is improper and should be denied. Id. at 935 (denying preliminary injunction and dismissing defendants for lack of personal jurisdiction).

b. **The preliminary injunction should be denied for Defendants because Plaintiff cannot establish this Court's personal jurisdiction over Defendants.**

Without personal jurisdiction, this court cannot bind a party to a preliminary injunction. Advanced Tactical Ordnance Sys., LLC, 751 F.3d 796 ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."); Savis, Inc. v. Cardenas, 2018 WL 5279311 at *4 (N.D. Ill. Oct. 24, 2018) ("the court is powerless to issue an injunction binding [defendant] if it does not have personal jurisdiction over him."). Plaintiff has the burden of establishing personal jurisdiction over a defendant. Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010). This Court's personal jurisdiction exists "only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice."' Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010) (emphasis added), *quoting*, Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be general or specific. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003). Sufficient Minimum contacts do not exist to support this Court's exercise of either general or specific personal jurisdiction over Defendants, accordingly this Court should deny the preliminary injunction against Defendants and dismiss them from the lawsuit. Matlin v. Spin Master Corp., 921 F.3d 701, 707 (7th Cir. 2019) (upholding a dismissal under Rule 12(b)(2) where the defendant's alleged conduct never specifically targeted the state of Illinois or the judicial district).

i. Defendants are not subject to general jurisdiction in Illinois.

General jurisdiction requires a foreign corporation defendant to "have affiliations with the [forum] State [which] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 749 (2014). General jurisdiction over Defendants will exist only where their affiliation with Illinois is "so constant and pervasive as to render it essentially at home" here. This is a fairly high standard requiring a great amount of contacts. Jamik, Inc. v. Days Inn of Mount Laurel, 74 F. Supp. 2d 818, 822 (N.D. Ill. 1999)

(declining general jurisdiction over individual defendants who, in their affidavit, stated among other things: (i) they had never lived in Illinois; (ii) they have never done business in Illinois; (iii) they had never had an office in Illinois; (iv) they had never owned property in Illinois; (v) they had never been liable for taxes in Illinois; and (vi) they had never advertised, held a telephone listing or bank account in Illinois as individuals or for the hotel defendant). Applying these factors here, general jurisdiction is manifestly lacking for Defendants. Defendants are Chinese proprietors with principal places of business in the Peoples' Republic of China. Declaration of Xiaoxiao Liu at ¶ 4; *See*, Kipp v. Ski Enter. Corp. of Wisc., 783 F.3d 695, 699 (7th Cir. 2015) (holding that maintaining a public website, by itself, is insufficient to establish general jurisdiction). Defendants never owned, leased, or utilized an office in Illinois and never advertised, held a telephone listing, or maintained a bank account in Illinois, nor have Defendants had any agents, employees, or contractors in Illinois. Id. Plaintiff also does not allege any facts establishing any pervasive or otherwise constant affiliation with Illinois. Accordingly, this Court does not have general personal jurisdiction over Defendants.

ii. Defendants are not subject to this Court's personal jurisdiction.

This Court also does not have specific personal jurisdiction over Defendants, which generally requires that "(1) the defendant…purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the plaintiff's injury stemmed from the "defendant's forum-related activities"; and (3) the exercise of personal jurisdiction "comport[s] with traditional notions of fair play and substantial justice." Felland v. Clifton, 682 F.3d 665, 674 (7th Cir. 2012). There is no special jurisdictional test in the Seventh Circuit for internet-based cases like the instant case, however, there is no specific jurisdiction where Defendant's contacts with the forum state are "entirely fortuitous." Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 802 (7th Cir. 2014), as corrected (May 12, 2014) (answering "no" to the question "has [defendant] purposefully exploited the

[Indiana] market" beyond simply operating an interactive website accessible in the forum state and sending emails to people who may happen to live there?"); *See*, Rubik's Brand, Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (J. Tharp, Jr.) ("[D]isplaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois.).

1. *Defendants have not purposefully directed their allegedly-infringing activities to Illinois or purposefully availed themselves of the privilege of conducting business in Illinois.*

To establish specific personal jurisdiction, Plaintiff alleges that Defendants "have purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities." [Dkt. 1 at ¶ 3]. Plaintiff's characterization of Defendants' alleged activities is exaggerated. In reality, Defendants did not sell a single accused product to Illinois or this judicial district. Liu Decl. at ¶ 5. These allegations fall far short of: (i) demonstrating that Defendants "availed itself of the privilege of conducting business in Illinois"; or (ii) how Defendants' unadvertised online ecommerce storefronts are "purposefully directed" at Illinois. "If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." be2 LLC v. Ivanov, 642 F.3d 555, 559 (7th Cir. 2011) (evidence that 20 Illinois residents had opened accounts on the defendant's interactive website inadequate to support personal jurisdiction); General Tools & Instruments LLC v. The P'Ships, et al., No. 20-cv-1036 Dkt. 167 p. 6 (N.D. Ill. May 17, 2021) (J. Alonso) (vacating default judgment for lack of personal jursidcition, noting "Defendants put forth evidence that they never advertised or marketed products to Illinois customers and never shipped infringing products to Illinois.); Rubiks Brand (granting motion to

dismiss for lack of personal jurisdiction, noting "That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly"); Ouyenic Ltd. v. ALUCKY et al., No. 20-cv-03490 Dkt. 134 (N.D. Ill. May 14, 2021) (J. Gettleman) (vacating default judgment and dismissing defendants whose single sale into Illinois was to Plaintiff's investigator). Following, this Court has noted that evidence of "simply populating a potential [Illinois] shipping address into a website" without an actual sale into the forum state is insufficient to establish personal jurisdiction since ruling otherwise would mean that "the Seventh Circuit's admonition that a district court should not exercise personal jurisdiction over a defendant simply because they own or operate an interactive website that is accessible in the forum *would have no teeth*." SHENZHEN DEJIAYUN NETWORK TECHNOLOGY CO., LTD., v. The Partnerships et al., 21-cv-06607 Dkt. 143 (N.D. Ill. Feb. 2, 2024) (emphasis added).

Specific personal jurisdiction over an online retailer is not established merely because the retailer's website is available in the forum, rather, "online retailers form minimum contacts with a forum when they 'st[and] ready and willing to do business with" residents of the forum and then 'knowingly [] do business with" those residents. NBA Properties, Inc. v. Partnerships et al., 549 F. Supp. 3d 790, 794 (N.D. Ill. 2021) (citing Illinois v. Hemi Grp. LLC, 622 F.3d 754, 758 (7th Cir. 2010)); MSM Design, 2021 WL 3187706 at *2 (N.D. Ill. July 28, 2021). Plaintiff has failed to provide any evidence that Defendants have any greater relationship to this forum than any other forum in the U.S.A. or that Defendants "knowingly" did business with residents of Illinois. Sun Chenyan (declining to find jurisdiction based on defendant's Ebay store and noting that "finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores."). In NBA Properties, the Seventh Circuit Court of Appeals ruled that the defendant knowingly did

business in Illinois when they "filled [an] order, intentionally shipping an infringing product to the customer's designated Illinois address." NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 624 (7th Cir. 2022). Accordingly, the court found that the defendant "knew it could be subject to the jurisdiction of Illinois when it shipped a counterfeit product to the forum." Id. at 625. Here, unlike in NBA Properties, Defendants could not have foreseen that they would be haled into Illinois court, as Defendants did not "knowingly do business" with Illinois residents and never shipped the infringing product to Illinois. Id. ("Here, unlike Matlin, we are faced with a situation where an infringing product was shipped to Illinois…The defendants in Matlin could not have foreseen that they would be haled into court in Illinois…[NBA Properties Defendant] knew it could be subject to the jurisdiction of Illinois when it shipped a counterfeit product to the forum."); *Cf.*, Curry v. Revolution Lab'ys, LLC, 949 F.3d 385, 400 (7th Cir. 2020) (finding that Defendant's 767 sales of the infringing product to Illinois residents provided "solid evidence" that Defendant "purposely exploited the Illinois market" and noting that "[t]hese sales certainly distinguish [Defendant] from the defendant that merely operates a website … that is accessible from, but does not target, the forum state.").

Rubik's Brand is very analogous and instructive to the instant case. In Rubik's Brand, this Court determined in a mechanically-identical case that it did not have personal jurisdiction where the defendant averred it made no sale to Illinois residents and Plaintiff sole basis was a screenshot of not even a sale, but "at most…the possibility that a sale could be made in Illinois." Id., p. 7. *See also*, Matlin v. Spin Master Corp., 921 F.3d 701, 706 (7th Cir. 2019) (personal jurisdiction lacking where, despite a sale being made to Illinois resident, the sale was "a single incident conjured up by the plaintiff's attorney for the exclusive purpose of establishing jurisdiction over the defendants."). The Rubik's Brand Court further distinguished the case from Hemi based on the Hemi defendant's 300 sales to Illinois and noted that "displaying products online that are shippable to Illinois" but

"[making] no sales to Illinois residents" is insufficient to vest a court with personal jurisdiction. Id. at *3-*4; TV Tokyo Corporation v. The Individuals et al., 23-cv-03091 Dkt. 76 (N.D. Ill. Oct. 5, 2023) (R. Pallmeyer) (granting motion to dismiss for lack of personal jurisdiction and distinguishing the case from Hemi and NBA Properties, because plaintiff "has not presented evidence that Defendant knowingly did business with Illinois residents" where defendant's only sale of the allegedly infringing product from their interactive website was to Louisiana, not Illinois); SHENZHEN DEJIAYUN NETWORK TECHNOLOGY CO., LTD., 21-cv-06607 Dkt. 143 (N.D. Ill. Feb. 2, 2024) (J. Daniel) (finding no personal jurisdiction over defendants who operated a Walmart storefront but made no sales of the allegedly infringing product into Illinois, and noting that "*something more than the ability to insert a shipping address on an online retail website is needed to establish personal jurisdiction.*") (emphasis added); UBISOFT ENTERTAINMENT et al. v. The Individuals et al. 23-cv-14536 Dkt. 88 (N.D. Ill. Feb 8, 2024) (E. Bucklo) (declining to find jurisdiction based on "a screenshot suggesting that accused products were available for purchase and shipment to Illinois" and granting motion to dismiss for lack of personal jurisdiction where Defendants submitted a declaration stating that they sold no accused products to Illinois); SHEN ZHEN WO NUO DE ZHI NENG JI SHU YOU XIAN GONG SI v. The Partnerships et al., 22-cv-01203 Dkt. 117 (N.D. Ill. March 29, 2024) (F. Valderrama) (distinguishing case from NBA Properties and Curry and noting that "An online retailer's offer to sell without an actual sale related to the alleged unlawful activity does not support a finding of specific jurisdiction."); MSM Design & Eng'g LLC, 2021 WL 3187706 at *3 (finding no purposeful direction where Defendant operated a fully interactive WISH.com storefront and distinguishing the case from Hemi and Curry because defendant "never shipped any product to this forum."). Defendants did not sell or ship a single allegedly-infringing product to Illinois and the fact that an "Illinoisian might someday find [Defendants'] website and decide to purchase a [product] from the site simply does not suffice to vest the Court with personal jurisdiction over [Defendants]."

Rubik's Brand, Ltd., 2021 WL 825668 at *4. With zero actual sales to any residents of the state of Illinois, Plaintiff has failed to articulate how Defendants has purposefully availed themselves to the jurisdiction of the state of Illinois.

2. *Plaintiff's alleged injury does not arise out of Defendants' activities in Illinois.*

Plaintiff does not substantively allege that Defendants acted at or in Illinois, and similarly cannot show that any damage Plaintiff may have endured was derived from Defendants' acts in Illinois. When analyzing specific personal jurisdiction, the "second element is crucial - and [a court] cannot simply aggregate all of a defendant's contacts with a state ... as evidence of the constitutionally-required minimum contacts." Matlin, 921 F.3d at 706. Rather, specific jurisdiction "must rest on the *litigation-specific* conduct of the defendant in the proposed forum state. The only sales that would be relevant are those that were related to [Defendant]'s allegedly unlawful activity." Advanced Tactical Ordnance Sys., 751 F.3d at 801; Matlin, 921 F.3d 701 (7th Cir. 2019) (finding no jurisdiction and noting "this is not the type of case where the defendants sold and shipped a defective product into Illinois that injured residents there."). Defendants have not sold a single allegedly-infringing product into Illinois or this Judicial District or taken any action to specifically target sales to Illinois consumers thus Plaintiff's cannot truthfully allege that any of its "injuries" are related to Defendants' Illinois-specific actions. Liu Decl. at ¶ 4-5. At most, Defendants operated an online store that was accessible from Illinois, however, this level of accessibility is no different than in any other forum where a resident has internet access and is insufficient to give rise to personal jurisdiction. Matlin 921 F.3d at 706 ("[H]aving an 'interactive website' should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website it accessible."). Again, it is not enough that some "Illinoisan might someday find [Defendants'] website and decide to purchase a counterfeit [] product" at some later date. Rubik's Brand. Accordingly, Plaintiff cannot show that any damage they may have endured was derived from Defendants' acts in Illinois.

3. *This Court's exercise of personal jurisdiction over Defendants does not comport with fair play and substantial justice.*

Additionally, Plaintiff cannot show how subjecting Defendants to this Court's personal jurisdiction comports with fair play and substantial justice. In making this determination, the Court will consider: (i) the burden of a defendant of having to litigate in the forum; (ii) the interests of the forum; (iii) the plaintiff's interest in obtaining relief; (iv) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (v) the shared interest of the several states in furthering fundamental substantive social policies. Lexington Ins. Co. v. Zurich Ins. (Taiwan) Ltd., 2017 WL 6550480, at *7 (W.D. Wis. Dec. 21, 2017); Felland, 682 F.3d at 677 (7th Cir. 2012). This factored "analysis does not provide crisp, bright lines for district courts and litigants," but generally the relationship among the defendant, the forum, and the litigation should be close enough to not offend due process. uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 433 (7th Cir. 2010). In the present case, Defendants would be significantly burdened with having to litigate the merits of the case in Chicago, since Defendants are based in and conduct business in China, nearly 8,000 miles away. Liu Decl. at ¶ 4. Defendants have no offices, employees, or agents in Illinois, and Defendants would face considerable additional expenditures by having to remotely manage local counsel, conduct discovery including depositions[2], and proceed through trial. Id. Further, Illinois' interest in adjudicating the dispute tips against exercising personal jurisdiction, as Plaintiff's claims are based on federal copyright infringement law. [Dkt. 1]. Litigating in this forum would not serve the interstate judicial system's interest in obtaining the most efficient resolution of the controversy

---

[2] "China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention." U.S. Department of State - Bureau of Consular Affairs, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html; Declarations Notifications Reservations Articles: 4,16,23,33 People's Republic of China, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=493&disp=resdn

as so little - if anything - happened here, and the nations' interest is "best served by…an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." Asahi, 480 U.S. at 115.

On review, no factor tips in favor of exercising personal jurisdiction; rather, all factors tip against exercising personal jurisdiction, and thus this court exercising personal jurisdiction over Defendants would offend traditional notions of fair play and substantial justice. Lexington, 2017 WL 6550480, at *8. Given that this Court lacks personal jurisdiction over Defendants, Plaintiff's request for preliminary injunction should be denied regarding Defendants and Plaintiff's Complaint against Defendants should be dismissed pursuant to Rule 12(b)(2).

iii. Fed. R. Civ. P. 4(k)(2) does not work as an end-around to the jurisdictional analysis.

As an alternative basis for jurisdiction, Plaintiff alleges that "Defendants are subject to personal jurisdiction in this District pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws." [Dkt. 1 at ¶ 4]. Rule 4(k)(2) provides for personal jurisdiction through nationwide service of process over any defendant provided that: (1) the plaintiff's claims are based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction is consistent with the laws of the United States; and (4) the exercise of jurisdiction is consistent with the Constitution. Cent. States, Southeast and Sw. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 940 (7th Cir. 2000).

The third and fourth elements are only satisfied if the defendant had sufficient "minimum contacts" with the United States as a whole (rather than the forum state) to establish personal jurisdiction. Robert Bosch LLC v. Trico Prod. Corp., 2013 WL 11316920 at *1 (N.D. Ill. July 24, 2013). Defendants made no infringing sales anywhere in the United States and merely operated

online Storefronts accessible in the United States as well as anywhere else on the globe with internet access. Liu Decl. at ¶ 5. This is not enough, in Illinois or elsewhere, to satisfy minimum contacts analysis. *See*, *e.g.*, Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir. 2006) ("[W]e still require "something more" than just a foreseeable effect to conclude that personal jurisdiction is proper."); People Sols., Inc. v. People Sols., Inc., 2000 WL 1030619, at *3 (N.D. Tex. July 25, 2000) ("Personal jurisdiction should not be premised on the mere possibility, with nothing more, that Defendant may be able to do business with Texans over its web site."); Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc., 2003 WL 22014581, at *7 (D.R.I. Aug. 25, 2003) (declining personal jurisdiction over defendant website operator where there was no evidence of actual sales or emails, noting "In the case at bar, the only contact is the availability of a commercially active web site."); Guidecraft, Inc. v. OJCommerce, LLC, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019) (by listing the products on an e-commerce platform simply to "profit from the wide geographic reach of the internet," is not enough to subject them to personal jurisdiction in any state where the internet may reach."); Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 394-95, 401 (4th Cir. 2003); Applied Food Scis., Inc. v. New Star 21, Inc., 2009 WL 9120113, at *4 (W.D. Tex. Jan. 23, 2009) ("such websites were allegedly operated by [defendants], but where those corporations are not alleged to have conducted electronic commerce with anyone in Texas, not alleged to have directed any of their advertising or Internet activities specifically towards Texas, and not alleged to have sold any infringing products to individuals in Texas, the maintenance of personal jurisdiction over Defendants would be unreasonable."); GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1349-50 (D.C. Cir. 2000) ("[P]ersonal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites"); Imageline, Inc. v. Fotolia LLC, 663 F. Supp. 2d 1367, 1377-78 (N.D. Ga. 2009); Freeplay Music, Inc. v. Cox Radio, Inc., 2005 WL 1500896, *6-7 (S.D.N.Y. June 23, 2005) ("It stretches the meaning of 'transacting business' too far

to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred or was actively sought."); Minnesota Public Radio v. Virginia Beach Educational Broadcasting Foundation, 519 F. Supp. 2d 970, 979 (D. Minn. 2007) ("The issue here is not whether VBE's websites, and streaming audio broadcasts, are accessible in Minnesota, but whether that generic availability constitutes actions specifically targeted to this State. Allegations of a single, non-commercial contact, are insufficient to establish personal jurisdiction where, as here, they appear to be random, or initiated by the interest of a listener who had heard VBE's broadcast outside the District of Minnesota, and therefore, are serendipitous.")

Every Circuit will require "something more" from a defendant's website activity in order to subject it to a court's personal jurisdiction. Accordingly, for the same reasons Plaintiff failed to satisfy the minimal contacts analysis with Illinois, it would fail to satisfy minimum contacts analysis elsewhere in the U.S., and thus application of this Court's personal jurisdiction under Rule 4(k)(2) is prevented. *See*, Britax Child Safety, Inc. v. Nuna Int'l B.V., 321 F. Supp. 3d 546, 559 (E.D. Pa. 2018), *citing*, Marvel Mfg. Co. v. Koba Internet Sales, LLC, 2012 WL 2466772, at *5 (E.D. Wis. June 27, 2012) (declining to exercise jurisdiction under Rule 4(k)(2) where there were no "facts demonstrating sales by" foreign defendant through its website).

## III. **Conclusion**

With the benefit of adversary briefing, this Court can see that Defendant are not subject to this Court's personal jurisdiction and Plaintiff's request for preliminary injunction should be denied regarding Defendants and Plaintiff's Complaint against Defendants should be dismissed pursuant to Rule 12(b)(2).

Dated this December 23, 2024

Respectfully Submitted,

/s/Brian M. Swift
Adam E. Urbanczyk
Brian M. Swift
AU LLC
444 W. Lake St., 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
brians@au-llc.com
*Counsel for Defendants*