**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd.,<br>a Chinese Limited Corporation<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships And<br>Unincorporated Associations<br>Identified On Schedule "A"<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case: 24-cv-12074<br><br>Judge: Lindsay C. Jenkins<br><br>Mag. Judge: Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE**
**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION [Doc. 22]**

Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. ("Plaintiff" or "Baimei") seeks to extend the time to file its Reply Further Supporting Preliminary Injunction [Doc. 22] by a period of fourteen (14) additional days to January 22, 2025. In support of its request, Plaintiff states as follows:

1. On November 22, 2024, the Plaintiff filed its Complaint alleging violations of 17 U.S.C §101 et seq. (copyright infringement). [Doc. 1].
2. Plaintiff's Motion for Temporary Restraining Order was filed on November 26, 2024 [Doc. 15], granted on December 3, 2024 [Doc. 17], and extended on December 11, 2024 [Doc. 20].
3. Plaintiff's Motion for Preliminary Injunction was filed on December 19, 2024 [Doc. 22].
4. Plaintiff's Motion for Preliminary Injunction was taken under advisement and December 26, 2024 was set as a date for defendants to object [Doc. 23].

5. On December 24, 2024 Defendants Letesi, landege, leishangdao, Lhiodmall, Liguanbao, Liukekj, Miangastore, minlixin, Mizhichuiyu, Pingxizhi, Qiushaoyue, Quqiuxian, Rrouserry, saideli, Shaojun, Shengjike, Shuliwen, Sipeihong, SOAC, Recardis, Rejuvena (hereinafter "Letesi Defendants") filed an appearance of counsel [Doc. 29] and Response in Opposition to Plaintiff's Motion for Preliminary Injunction [Doc. 30].
6. On December 29, 2024 this Court set January 8, 2025 as the date for Plaintiff to file its reply to Letesi Defendants' opposition to the preliminary injunction.
7. Plaintiff requests additional time to file its reply in further support of its Motion for Preliminary Injunction.
8. Plaintiff's counsel contacted counsel for Letesi Defendants, on January 4, 2025, and again on January 7, 2025 requesting an agreement to the extension. Letesi Defendants' counsel Yue Niu responded on January 8, 2025 stating that they would only consent to the extension if Plaintiff "engage[d] in a good-faith discussion over reduction of prejudgment asset freeze."
9. Plaintiff has not previously moved to extend the deadline to file its reply further supporting its Motion for Preliminary Injunction.
10. The instant motion is not brought for purposes of harassment or delay.
11. Fed. Rules Civ. Proc., Rule 6(b)(1) states that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."
12. The opinion of *McCann v. Cullinan* set forth the standard:

"Consequently, under Rule 6, when a party seeks an extension of time, the court may extend the time if good cause is shown. Fed.R.Civ.P. 6(b)(1). But Rule 6 differentiates

between requests for extensions made *before* the time has expired and requests made *after* the time has expired. If the request is made before the time has expired, then only good cause must be shown. *Under Rule 6,* 'good cause' is not a high standard. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir.2010) (good cause is a non-rigorous standard)." 2015 WL 4254226 *7 (N.D. Ill. July 14, 2015).

13. In this case, the deadline for Plaintiff to respond had not elapsed at the time the request to extend was filed, therefore, the "good cause" standard applies.

14. Good cause exists because the deadline to file occurred immediately subsequent to the Christmas and New Year's holidays and Plaintiff did not have adequate time to draft and file its reply.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1) That Plaintiff may have an extension of fourteen (14) days from January 8, 2025 until January 22, 2025 to file its Reply Further Supporting its Motion for Preliminary Injunction.

2) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 8th day of January 2025.

By: /s/ Michael T. Stanley

Michael Stanley
IL Bar No.: 6284055
Ford Banister LLC
111 W. Jackson Suite 1700
Chicago, Illinois 60604
Telephone: 212-500-3268
Email: mstanley@fordbanister.com
Attorney for Plaintiff