**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd.,<br>a Chinese Limited Corporation<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships And<br>Unincorporated Associations<br>Identified On Schedule "A"<br><br>Defendants. | ) | Case: 24-cv-12074<br><br>Judge: Lindsay C. Jenkins<br><br>Mag. Judge: Jeannice W. Appenteng |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (D.E. 39)

Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. ("Plaintiff" or "Baimei") seeks to extend the time to file its Response to Defendant's Motion to Dismiss (D.E. 39) by a period of fourteen (14) additional days to February 6, 2025. In support of its request, Plaintiff states as follows:

1. On November 22, 2024, the Plaintiff filed its Complaint alleging violations of 17 U.S.C §101 et seq. (copyright infringement). [Doc. 1].
2. On December 23, 2024, Plaintiff executed service on Defendants. [Doc. 25-28]
3. On January 13, 2025, Defendants Letesi, landege, leishangdao, Lhiodmall, Liguanbao, Liukekj, Miangastore, minlixin, Mizhichuiyu, Pingxizhi, Qiushaoyue, Quqiuxian, Rrouserry, saideli, Shaojun, Shengjike, Shuliwen, Sipeihong, SOAC, Recardis, Rejuvena filed a joint Motion to Dismiss for Lack of Jurisdiction [Doc. 39].

4. Plaintiff requests additional time to continue settlement discussions prior to continuing briefing and litigation. On January 24, 2025, the parties engaged in productive settlement discussions. Later that day, the undersigned contacted counsel for Defendants, Adam Urbanczyk, to obtain Defendants' position on the relief requested herein. However, at the time of this filing, the undersigned has not yet obtained Defendants' position.

5. Plaintiff has not previously moved to extend the deadline to file its response.

6. The instant motion is not brought for purposes of harassment or delay.

7. Fed. Rules Civ. Proc., Rule 6(b)(1) states that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

8. The opinion of *McCann v. Cullinan* set forth the standard:

> "Consequently, under Rule 6, when a party seeks an extension of time, the court may extend the time if good cause is shown. Fed.R.Civ.P. 6(b)(1). But Rule 6 differentiates between requests for extensions made *before* the time has expired and requests made *after* the time has expired. If the request is made before the time has expired, then only good cause must be shown. *Under Rule 6,* 'good cause' is not a high standard. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir.2010) (good cause is a non-rigorous standard)." 2015 WL 4254226 *7 (N.D. Ill. July 14, 2015).

9. In this case, the deadline for Plaintiff to respond had not elapsed at the time the request to extend was filed, therefore, the "good cause" standard applies.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1) That Plaintiff may have an extension of fourteen (14) days from January 24, 2025 until February 6, 2025 to file its Response in Opposition to Defendants' Motion to Dismiss.

2) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 24th day of January 2025.

*/s/ Lydia Pittaway*
Fla. Bar No.: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com
Attorney for Plaintiff