IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation | ) ) ) | Case: 24-cv-12074 |
| Plaintiff, | ) ) | Judge: Lindsay C. Jenkins |
| v. | ) ) ) | Mag. Judge: Jeffrey T. Gilbert |
| The Partnerships And Unincorporated Associations Identified On Schedule "A" | ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR ENTRY OF DEFAULT AND FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 55(a) AND 55(b)**

Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. ("Baimei" or "Plaintiff") by and through its undersigned counsel, moves this Honorable Court to enter Default Judgment pursuant to Fed.R.Civ.P. 55(a) and 55(b) against the Defendants[1] ("Defaulting Defendants" hereinafter) in the proposed order submitted herewith and as identified on the Amended Schedule A (D.E. 8). In support of this Motion, Plaintiff submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.     BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

On November 22, 2024, Plaintiff filed its Complaint alleging copyright infringement under 17 U.S.C. § 101 et. seq. [Doc. 1]. On November 26, 2024, Plaintiff filed its Motion for Expedited Third Party Discovery, Motion for Alternate Service and Motion for Temporary Restraining Order. [Doc. 13, 14, and 15 respectively]. On December 3, 2024, this Court granted

---

[1] Defendants No. 1-2, 4-5, 7-9, 12-13, 16, 19, 24, 26-27, 30-31, 35, 37, 45-49, 52, 55, 57-58, 65-68, 70-78, 80-81, 84-103, 105-119, 121-132, 134-136, 138-139, 141, 143, 146, 152, 154-155, 160, 162, 164, 168, 173-176, 184, 190, 194-195, 198.

the Plaintiff's Motions. [Doc. 17]. On December 11, 2024, this Court extended the TRO. [Doc. 20].

On December 23, 2024, Plaintiff filed its Return of Summons as to the Defaulting Defendants. [Doc. 25-28] The time allowed for Defaulting Defendants to respond to the Complaint has expired. None of the Defaulting Defendants have entered an appearance or otherwise defended this action. *See* attached Exhibit One, Declaration of Lydia Pittaway at ¶14, (hereinafter, "the Pittaway Declaration"). Plaintiff is informed and believes that the Defaulting Defendants are not considered as infants or incompetent persons. *Id*. Plaintiff is informed and believes that the Service Members Civil Relief Act does not apply. *Id*.

At this time, Plaintiff respectfully requests that an entry of default under Fed.R.Civ.P. 55(a) be entered. In addition, Plaintiff respectfully requests for entry of a final judgment under Fed.R.Civ.P. 55(b), including an award of statutory damages as authorized by 17 U.S.C. § 504, and a permanent injunction enjoining the Defaulting Defendants from further acts of copyright infringement.

## II. SUMMARY OF THE ARGUMENT

Jurisdiction and venue are proper in this court. Plaintiff has met the requirements for default and for an entry of final judgment. Plaintiff is entitled to an award of statutory damages for willful copyright infringement. A high statutory damages award is appropriate and just. A permanent injunction must be granted to prevent any further acts of copyright infringement by the Defaulting Defendants.

## III. ARGUMENT

### A. Jurisdiction and Venue are Proper in This Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq. Venue is proper in this Court under 28 U.S.C. § 1391. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Defaulting Defendants [Doc. 1 at ¶¶ 5, 36-44); *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (without the benefit of an evidentiary hearing, the plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor). Through fully interactive commercial Defendants' Internet Stores, upon information and belief, Illinois residents can purchase products from Defaulting Defendants that are sold and advertised in listings for sale utilizing Plaintiff's registered copyrights without authorization.

1.    **Plaintiff Meets the Requirements for Fed.R.Civ.P. 55(a) Entry of Default**

On December 23, 2024, Plaintiff filed its Return of Summons as to the Defaulting Defendants. [Doc. 25-28]. Plaintiff is informed and believes that the Defaulting Defendants are not considered infants or incompetent persons. *See* Exh. One. Plaintiff is informed and believes that the Service Members Civil Relief Act does not apply. The time allowed for Defaulting Defendants to respond to the Complaint has expired. Neither Plaintiff nor the Court has granted Defaulting Defendants an extension of time to respond to the Complaint. The Defaulting Defendants have failed to answer or otherwise respond to the Complaint, and failed to serve a copy of an Answer or other response upon Plaintiff's attorney of record. This Court should enter default under 55(a).

    2.       **Plaintiff Meets the Requirements for Fed.R.Civ.P. 55(b) Entry of Final Default Judgment**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to Plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). On December 23, 2024, Plaintiff filed its Return of Summons as to the Defendants. [Doc. 25-28] More than twenty-one (21) days have passed since the Defaulting Defendants were served, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff requests an award of statutory damages as authorized by 17 U.S.C. §504(c)(2) for copyright infringement against each of the Defaulting Defendants for use of Plaintiff's copyright in connection with the marketing, advertising, and display of the Hollow Halloween Works through the Defendants' Internet Stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from displaying the Hollow Halloween Works and entry of an order transferring assets in Defaulting Defendants' financial accounts operated by Amazon, shein, temu, Walmart, Payoneer, Paypal, PingPong, LianLian Global, LL Pay U.S., LLC, and Lianlian Yintong Electronic Payment Co. Ltd. ("LianLian"), Stripe, any other financial institutions, and any newly identified accounts, to Plaintiff.

    B.       **Entry of Default Judgment is Appropriate.**

    1.       **Plaintiff Has Properly Pled a Claim for Copyright Infringement**

To establish copyright infringement, Plaintiff is required to prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Plaintiff has demonstrated its ownership of valid copyrights by attaching to its Complaint and a Declaration, Copyright Registration Nos. VA 2-270-357, VA 2-270-532, VA 2-270-548, VA 2-270-545, VA 2-270-544, VA 2-270-547, VA 2-270-546, VA 2-265-759 ("Hollow Halloween Works" hereinafter). [Doc. 1 at ¶¶ 1; Doc. 1-1; Doc. 9, 10-1]. This registration creates a *prima facie* presumption of validity of a copyright. 17 U.S.C. § 410(c); *Runstadler Studios Inc. v. MCM Ltd., P'ship*, 768 F.Supp.1292, 1294-1295 (N.D.Ill. 1991).

Here, Defendants are willfully and deliberately reproducing Plaintiff's Hollow Halloween Works, either in their entirety or in substantially similar form, and are willfully and deliberately distributing copies to the public through their advertisements, marketing, and displays. Plaintiff has proven it has more than a reasonable likelihood of success showing Defendants violated Plaintiff's rights.

### 2. Plaintiff Is Entitled to an Award of Statutory Damages

"District courts enjoy wide discretion in awarding fees and may consider various factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991) (citations omitted) "Statutory damages are 'most appropriate' when an infringer's nondisclosure makes actual damages uncertain." *Luxottica USA LLC v. The Partnerships*, Case No. 2014-cv-09061 at *4 (N.D. Ill. June 18, 2015) (citing *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F.Supp.2d 161, 165 (S.D.N.Y. 1999)). Damage awards limited to lost profits are typically ineffective deterrents

because "[a] counterfeiter must fear more than just having to turn over his ill-gotten gains to the rightful owners." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, Case No. 03-cv-4986 *11 (N.D. Ill. Nov. 5, 2004). Here, none of the Defaulting Defendants have appeared and/or provided Plaintiff with information from which Plaintiff might determine Defendants' sales. Thus, an award of statutory damages is particularly appropriate in the instant case.

Statutory damages may be awarded not less than $750 or more than $30,000 per work for non willful infringement. 17 U.S.C. § 504(c)(1). The Court in its discretion may increase an award for statutory damages up to $150,000.00 when infringement was committed willfully. 17 U.S.C. § 504(c)(2). A defendant's intent can be of probative value for establishing willfulness, triggering an enhanced statutory award. "[A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) (internal quotation marks omitted). Although "evidence that notice had been accorded to the alleged infringer before the specific acts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness, it is not the only way that willfulness can be established." *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1021 (7th Cir. 1991), overruled on other grounds, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 521 n.8 (1994). Rather, because "one who undertakes a course of infringing conduct may neither sneer in the face of [a] copyright owner nor hide its head in the sand like an ostrich," *ibid.*, courts may consider a variety of other factors when evaluating willfulness, including "evidence that the defendant ignored the plaintiff's notices about copyright protection ... and passed the matter off as a nuisance," *Wildlife Exp. Corp.*, 18 F.3d at 512.

3. **Defendants' Acts of Copyright Infringement Were Willful**

As alleged in Plaintiff's Complaint [Doc. 1], the Defendants created numerous Defendant Internet Stores utilizing the Hollow Halloween Works. [*Id*. at 3]. Plaintiff further alleged that Defendants' conduct was a willful violation of the stated cause of action. [*Id*. at ¶¶ 33, 43, 50, 54, 57]. Here, given the Defendants' default, the allegations of the complaint are taken as true and a finding of willfulness is therefore warranted. *See Scholz Design, Inc. v. Campbell Signature Homes, LLC*, No. 08-1087 at *2 (C.D. Ill. Feb. 12, 2009) ("The Court finds that Campbell's copyright infringement was knowing, willful and intentional, because Scholz made this allegation in its Complaint."); *Kinsey v. Jambow, Ltd.*, 76 F. Supp. 3d 708, 712 (N.D. Ill. 2014). Even without reliance upon Defendants' default, it is clear that Defaulting Defendants' copyright infringement was willful. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co.*, Case No. 03-cv-4986 at 13 (citation omitted). Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least displayed a reckless disregard for Plaintiff's rights in its registered copyrights.

In addition, Plaintiff alleged in its Complaint that "Defendants have engaged in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading and/or incomplete information to Internet based e-commerce platforms." [*Id*. at ¶28]. Pursuant to 15 U.S.C. § 1117(e), this creates a rebuttable presumption of willfulness. *Int'l Typeface Corp. v. Shellabarger*, No. 06-CV-0260 (HLM), 2008 WL 11333693, at *8 (N.D. Ga. June 30, 2008) (applying the presumption where the defendant "provid[ed] false contact information to his domain name registrar, . . . ma[king] himself inaccessible to . . . [the plaintiffs'] efforts to notify him of trademark infringement").

This Court and others in this judicial district routinely find copyright infringement willful when defendants default. *See Yiwu Baimei Electronic Commerce Co., Ltd. v. The Partnerships and Unincorporated Associates Identified on Schedule A*; Case No. 24-cv-8704 (N.D.Ill. Dec. 16, 2024)(Jenkins, J.)(awarding $50,000 in statutory damages per defaulting defendant); Case No. 1:24-cv-2131 (N.D.Ill. July 12, 2024)(Cummings, J.)(awarding $150,000 for willful copyright infringement); Case No. 24-cv-8135 (N.D.Ill. Dec. 30, 2024)(Cummings, J.)(awarding $20,000 in statutory damages per defaulting defendant); and Case No. 24-cv-8702 (N.D.Ill. Dec. 19, 2024)(Rowland, J.)(awarding $150,000 in statutory damages per defaulting defendant).

4. **Plaintiff's Ongoing Investment in Marketing and Promotion and Brand Protection Efforts Justify a High Statutory Damages Award**

Courts may also take into account the value of a plaintiff's brand and the efforts taken to protect, promote, and enhance that brand. *Lorillard Tobacco Co.,* Case No. 03-cv-4986 at *9-10. Plaintiff's success of the registered copyrights have resulted in significant infringement by individuals and entities who unlawfully use the Hollow Halloween Works and Plaintiff's goodwill. [Doc. 9 ¶14, 28-30] To date, Plaintiff has had to bring over fifteen other separate suits against Defendants to police its registered copyright images. *See Yiwu Baimei Electronic Commerce Co. Ltd. v. The Partnerships And Unincorporated Associations Identified On Schedule A*, Case No. 24-cv-8135 (N.D.Ill. Dec. 30, 2024)(Cummings, J.), 24-cv-8139 (N.D. Ill.--)(Seeger, J.); 24-cv-8279 (N.D. Ill.--)(Kness, J.); 24-cv-8280 (N.D. Ill.--)(Durkin, J.); 24-cv-8702 (N.D.Ill. Dec. 19, 2024)(Rowland, J.); 24-cv-8704 (N.D. Ill.--)(Jenkins, J.); 24-cv-9075 (N.D. Ill.--)(Blakey, J.); 24-cv-9183 (N.D. Ill.--)(Seeger, J.); 24-cv-9176 (N.D. Ill.--)(Shah, J.); 24-cv-9301 (N.D. Ill.--)(Valderrama, J.); 24-cv-9304 (N.D. Ill.--)(Valderrama, J.); 24-cv-10886 (N.D. Ill.--)(Coleman, J.); 24-cv-11218 (N.D. Ill.--)(Daniel, J.); 24-cv-11216 (N.D.Ill. –)(Jenkins, J.).

     5.     **A High Statutory Damages Award is Justified Due to the Acts of Infringement Having Taken Place on the Internet**

Many Courts, in this district and elsewhere, have awarded high damages where the predicate acts of infringement took place on the internet. *See Monster Energy Company v. Jing, et al.*, Case No. 2015-cv-00277 at * 7 (N.D. Ill. July 6, 2015) ("The internet platform defendants used, AliExpress.com, is a busy website that provides the potential to reach a vast customer base."); *Luxottica Group S.p.A. v. Hao Li, et al.*, Case No. 16-cv-00487 at *16 (N.D. Ill. Feb. 15, 2017) ("But even putting aside any evidence of defendant selling multiple products through multiple online sales platforms, defendant can reach a worldwide customer base on eBay alone."); *Coach, Inc. v. Ocean Point Gifts*, Case No. 09-4215 (JBS) at *14-15 (D.N.J. Jun. 14, 2010) (finding high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide").

In addition to the fact that the internet permits wide market exposure, as Plaintiff set out in its Complaint, third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing Defendant Internet Stores to routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." [Doc. 1 at 34] (citation omitted). This point is particularly well illustrated here where Plaintiff, a small but growing retailer attempting to establish its brand and secure market share, has been persistently plagued by overseas infringers doing business on the same platform. The audacity of infringers in attempting to deceive courts as to their identity and avoid liability has also been demonstrated in this judicial district. *See Camelbak Products LLC v. The Partnerships and Unincorporated Associations Identified On "Schedule A"*, 1:20-cv-01544 (N.D. Ill. January 5, 2021) (Doc. 105 at 3) ("[T]he Court does not believe that the identification card submitted in support of [defendant]'s motion to vacate the default judgment is the actual

identification card for the person who owns and operates [defendant]. It is either a fake identification card, or it is someone else's identification card.").

As discussed herein, *supra* subsection (4), the extent of damage to Plaintiff is significant, as Plaintiff has had to bring fifteen other suits against Defendants to police its registered intellectual property. Without sufficient deterrence, Plaintiff will not be able to regain control over the unbridled infringement and damage to its goodwill.

6. **The Award of Statutory Damages Should be Sufficient to Compensate Plaintiff and to Deter Further Acts of Infringement**

When the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations. *See Illinois Bell Tel. Co. v. Haines & Co.*, 905 F.2d 1081, 1089 (7th Cir. 1990); *Bulgari, S. P.A. v. Xiaohong,* Case No. 15-cv-05148 at *5 (N.D. Ill., October 15, 2015) (Coleman, J.) ("This Court's award, moreover, must be adequate to deter future infringement, intentional or unintentional, by the defendant and others similarly situated."). A high statutory damages award will serve to both compensate Plaintiff and to deter the Defaulting Defendants and others who are either now or may in the future infringe upon the registered works.

7. **Plaintiff Is Entitled to a Permanent Injunction Preventing Further Acts Of Infringement of Its Registered Copyrights**

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's registered copyrights. "Without a permanent injunction, the defendants will likely continue their infringing conduct..." *Kinsey v. Jambow, Ltd.*, 76 F. Supp. 3d 708, 714 (N.D. Ill. 2014). Further, prevention of additional acts of infringement of Plaintiff's registered copyrights serve the public interest. See *Miyano Mach., USA, Inc. v. MiyanoHitec Mach, Inc.*, 576 F.Supp.2d 868, 889 (N.D.

Ill. 2008) ("The public interest is generally served by the enforcement of trademark laws as such laws prevent confusion among and deception of consumers ...") (citation omitted). This Court and others in this judicial district routinely grant permanent injunctive relief to prevailing plaintiffs in copyright cases.

8. **The Court Should Authorize Immediate Execution Upon this Final Judgment Order**

To the extent that it may be necessary for Plaintiff to utilize state law collections devices, Plaintiff respectfully requests that the Court dissolve the stay on execution contained in and as authorized by Fed.R.Civ.P. 62(a). *See* Fed. R. Civ. P. 62, Advisory Committee's Notes (2018) ("Amended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay .... One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated.").

## IV. CONCLUSION

Plaintiff respectfully requests that the Court enter default judgment against each Defaulting Defendant and award statutory damages in the amount of one hundred fifty thousand dollars ($150,000) for willful infringement pursuant to 17 U.S.C. § 504(c) and enter a permanent injunction order prohibiting Defaulting Defendants from using Plaintiff's federally registered Hollow Halloween Works without authorization. A proposed order, embodying the relief requested herein and identifying Defendants to be dismissed with prejudice, is submitted herewith.

WHEREFORE, Plaintiff requests that the Clerk enter default, as authorized by Fed.R.Civ.P. 55(a) and Fed.R.Civ.P. 55(b) against Defaulting Defendants as identified on the attached Schedule A.

Respectfully submitted this 11th day of February, 2025.

*/s/ Lydia Pittaway*
Fla. Bar No: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com
*Attorney for Plaintiff*
