**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd.,<br>a Chinese Limited Corporation<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships And<br>Unincorporated Associations<br>Identified On Schedule "A"<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case: 24-cv-12074<br><br>Judge: Lindsay C. Jenkins<br><br>Mag. Judge: Jeannice W. Appenteng |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'[1] MOTION TO DISMISS AND OPPOSITION TO PRELIMINARY INJUNCTION D.E. 30 and 39**

COMES NOW, Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. ("Plaintiff" or "Baimei") by and through the undersigned counsel, and as and for its Response to Defendants' Motion to Dismiss and Opposition to Preliminary Injunction D.E. 30 and 39 (hereinafter collectively as "Defendants' Motions") states as follows:

## I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY

1. On November 22, 2024, the Plaintiff filed its Complaint alleging violations of 17 U.S.C §101 et seq. (copyright infringement). [Doc. 1].
2. Plaintiff's Motion for Temporary Restraining Order was filed on November 26, 2024 [Doc. 15], granted on December 3, 2024 [Doc. 17], and extended on December 11, 2024 [Doc. 20].

[1] Lhiodmall, Leishangdao, Shaojun, Liukekj, Landege, Pingxizhi, Liguanbao, SOAC, Minlixin, Recardis, Sipeihong, Shuliwen, Miangastore, Qiushaoyue, Mizhichuiyu, Saideli, Shengjike, Rejuvena, Quqiuxian, Rrouserry, and Letesi (hereinafter "Moving Defendants").

3. Plaintiff's Motion for Preliminary Injunction was filed on December 19, 2024 [Doc. 22].
4. Plaintiff's Motion for Preliminary Injunction was taken under advisement and December 26, 2024 was set as a date for defendants to object [Doc. 23].
5. The TRO was extended pending the Court's adjudication of the motion for preliminary injunction [Id.].
6. On December 24, 2024 Moving Defendants filed an appearance of counsel [Doc. 29] and Response in Opposition to Plaintiff's Motion for Preliminary Injunction [Doc. 30].
7. On January 13, 2025 the Moving Defendants filed their Motion to Dismiss for Lack of Jurisdiction [Doc. 39]. Said Motion to Dismiss incorporated by reference the arguments made in the Moving Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction.
8. Each of the Moving Defendants' Motions make the factual argument that personal jurisdiction does not exist as to the Moving Defendants based on an alleged lack of sales to Illinois.

## II. STANDARD OF LAW

When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, as here, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id*. at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v.*

*Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672. See *Blake v. Celebrity Home Loans, LLC*, No. 23 C 1839, 2024 WL 1859405, at *3 (N.D. Ill. Apr. 29, 2024) (Ellis, J.)

## III. SUMMARY OF THE ARGUMENT

The Moving Defendants' Motion to Dismiss is not properly before the Court. The Court may properly exercise jurisdiction over the Moving Defendants based on sales made into Illinois. The Court may properly exercise jurisdiction over the Moving Defendants based on the fact that they generally conduct business in Illinois. The Court may properly exercise jurisdiction over the Moving Defendants pursuant to Fed.R.Civ.P. 4(k)(2). Plaintiff should be granted leave to replead in the event of dismissal.

## IV. ARGUMENT

### a) The Moving Defendants' Motions are not properly before the Court.

As an initial matter, prior to addressing the merits of the Defendants' Motions, Plaintiff respectfully submits that the Defendants' Motions are not properly before the Court due to the failure and refusal of the Moving Defendants to file their affiliate disclosures as required by Fed.R.Civ.P. 7.1 and Local Rule 3.2.

Fed.R.Civ.P. 7.1 states, in pertinent part, as follows:

(a) Who Must File; Contents.

(1) Nongovernmental Corporations. A nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that:

(A) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

(B) states that there is no such corporation.

(b) Time to File; Supplemental Filing. A party, intervenor, or proposed intervenor must:

(1) **file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court**; and

[Emphasis Added]

LR 3.2 Notification as to Affiliates states as follows:

(a) Definition. For purposes of this rule, “affiliate” is defined as any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party.

(b) Who Must File. Any nongovernmental party, other than an individual or sole proprietorship, shall file a Notification of Affiliates.

(c) Required Information. A Notification of Affiliates shall identify all of the party’s affiliates known to the party after a diligent review; or state that after a diligent review the party has identified no affiliates.

(d) Time for Filing. **A party must file the statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court.**

[Emphasis Added]

Fed. R. Civ. P. 7.1 is intended to help judges be properly informed of potential conflicts of interest that might justify disqualification. See Advisory Committee Note, Fed. R. Civ. P. 7.1. LR 3.2 is likewise established “to assist judges in determining, as required, whether they need to recuse themselves under 28 U.S.C. § 455(b)(4) ("Section 455(b)(4)").” *Elektra Ent. Grp., Inc. v. Cranford*, No. 06 C 4781, 2006 WL 8460952, at *1 (N.D. Ill. Sept. 8, 2006) “Although it seems unlikely that the entities referred to here pose a problem for this Court in Section 455(b)(4) terms, this is one area in which certainty rather than probability controls.” *Id.* While Plaintiff

acknowledges that "District courts have considerable discretion in interpreting and applying their local rules . . .," *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 549 (7th Cir. 2017), Plaintiff respectfully submits that the Court should not permit the Moving Defendants to force Plaintiff and the Court to proceed in the face of the risk that any order entered might later be subject to question where they could easily comply with both Rules but have chosen not to but should deny the Defendants Motions based on their willful noncompliance. Further, compliance with the Rules was part of the relief that Plaintiff sought via its motion for jurisdictional discovery and accompanying brief, thus fully apprising the Moving Defendants of their failure to comply. [D.E. 64 p. 3-4, 65 p. 6-8].

**b) The Court may properly exercise jurisdiction over the Moving Defendants based on sales made into Illinois.**

In its Complaint, Plaintiff specifically alleged that this Court has personal jurisdiction over all named defendants based on the following alleged conduct:

1) Defendants are subject to personal jurisdiction in the Northern District of Illinois because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and the Northern District of Illinois, through at least, operating under Seller IDs on the internet based e-commerce stores accessible in Illinois.; [D.E. 1 at 2]

2) Defendants are subject to personal jurisdiction in this judicial district because they have purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities; [Id. at 3]

3) Alternatively, Defendants are subject to personal jurisdiction in this District pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws. [Id. at 4] [see also Id. at 11, 24, 25, 32, 39, and 43].

Based on these allegations and the evidence placed before it via the declaration of Plaintiff's principal, Jun Wu, [D.E. 9] (hereinafter, "the Wu Declaration") on December 3, 2024, this Court entered a TRO, including all of the Moving Defendants, in which it found that it had "personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. [D.E. 9 at ¶¶ 13-18]. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which they display, advertise, market, and offer products for sale using Plaintiff's copyrighted images in the United States with assigned U.S. Copyright Registration VA 2-270-357, VA 2-270-532, VA 2-270-548, VA 2-270-545, VA 2-270-544, VA 2-270-547, VA 2-270-546, VA 2-265-759". [D.E. 17 at 1].

On December 20, 2024, the Court extended the TRO, including all of the Moving Defendants, and stated "the TRO is extended until the Court adjudicates the motion for a preliminary injunction. See *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 843-45 (7th Cir. 2012). Because this extension exceeds the maximum duration for a TRO under FRCP 65(b), this extension 'becomes in effect a preliminary injunction that is appealable, but the order remains effective.' Id. at 844." [D.E. 23].

Yet, with Plaintiff having clearly pled and the Court having found when granting Plaintiff's TRO, and extending the TRO, that jurisdiction is proper before this Court due to the Moving Defendants having sold goods utilizing Plaintiff's copyright protected images, the Moving Defendants begin their argument in opposition to this Court's exercise of personal jurisdiction over them by stating, without qualification, that "this Court lacks personal jurisdiction over [Moving Defendants], accordingly this Court does not have the power to issue a preliminary injunction on Defendants and Plaintiff's motion for preliminary injunction against

them should be denied and Defendants should be dismissed from the case." [D.E. 30 at 1]. Moving Defendants then dedicate their opposition to the preliminary injunction with an overview of basic law on jurisdiction. Assuming but not admitting that sales of goods utilizing Plaintiff's copyright protected images into Illinois, or to the United States under Fed.R.Civ.P. 4(k)(2), are required in order to establish personal jurisdiction over the Moving Defendants, Plaintiff's Complaint, as set out above, clearly contains allegations that Moving Defendants did in fact consummate such sales.

In *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 622, 624 (7th Cir. 2022), our Court of Appeals held that jurisdiction was proper because the defendant had "established an online store, using a third-party retailer, Amazon.com. Through this online store, it unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so. When an order was placed, it filled the order, intentionally shipping an infringing product to the customer's designated Illinois address." The Seventh Circuit dismissed the defendants' argument that a single sale was insufficient to establish personal jurisdiction under the Lanham Act. *Id*. at 624-5. Quite notably, while the case before it involved the single sale of a counterfeit product into the forum, the *NBA Properties* Court acknowledged that "Moreover, there need not be an actual sale to demonstrate trademark infringement; merely listing for sale a product that is likely to cause confusion violates the Lanham Act." *Id*. at 614, FN.18, citing *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 204 (5th Cir. 1998) ("Infringement can be based upon confusion that creates initial consumer interest, even though no actual sale is finally completed as a result of the confusion." (quoting 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:6 (4th ed. 1997)); see also 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:12 (5th ed. 2022) ("[W]here allegedly infringing sales have been minimal to

date, to require any proof of actual confusion would unfairly penalize the trademark owner for acting promptly to 'protect its trademark rights before serious damage has occurred.' " (quoting *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 875 (2d Cir. 1986))). Thus, while the *NBA Properties* Court held that a single sale of a counterfeit product into Illinois is sufficient to establish personal jurisdiction under the Lanham Act, the decision cannot be read to require that a sale be consummated. Similar to the Lanham Act's inclusion of an offer for sale of a counterfeit or infringing item as an act for which liability may attach, the Copyright Act establishes that copyright holders have the exclusive right to display pictorial or graphic works publicly. (517 U.S.C.A. § 106(5) (West).

In this case, Moving Defendants do not deny but admit their display of a protected image. [D.E. 30-1 at 5, "Declaration of Xiaoxiao Lin"]. The Declaration of Xiaoxiao Lin states that "The Stores' product at issue in this litigation is the Halloween jewelry ("Accused Product") as displayed in Exhibit A." Exhibit A is a compilation of screenshots of the Moving Defendants' storefronts bearing copyrighted images. Therefore, it naturally follows that the, in the absence of the identification of any jurisdiction that might have a superior interest in the adjudication of Plaintiff's rights, Plaintiff is entitled to a forum in which to vindicate its statutorily established rights. To find otherwise would be to judicially amend the pertinent sections of the Copyright Act and to deny Plaintiff a remedy.

The Court need not determine, at this stage, whether sales achieved through the Moving Defendants' uses of Plaintiff's copyright protected images are necessary to establish personal jurisdiction as the Moving Defendants have voluntarily caused to be placed before the Court evidence which establishes that such sales were in fact made. In its Complaint, Plaintiff apprised the Court of the deceptive tactics that overseas pirating copyright infringers such as the Moving

Defendants employ to avoid liability and to be shut down, including the fraudulent registration of multiple ecommerce storefronts utilizing false names and other identifying information. [D.E. 1 at ¶¶ 11, 25-30, 32, 34, and 37-42]. Plaintiff also explicitly acknowledged that it did not know the identity or location of all defendants. [Id. at ¶25] This situation is not unique to Plaintiff here but is common to Schedule A cases, with the dynamic set out in detail by Judge Durkin in *Hangzhou Chic Intelligent Tech. Co. v. Partnerships & Unincorporated Associations Identified on Schedule "A," to wit:*

> Despite the age of this case and ongoing discovery, the corporate identities of the remaining defendants and the relationships among them are not clear to the Court. The "defendants" continue to be identified primarily by eBay and Amazon storefront names. But just like the physical address of a real storefront is not generally a legal entity, internet storefronts aren't either. **Storefronts, whether real or virtual, are not the business itself, but are tools that the business, whether a person or corporate entity, uses to sell its goods.**
>
> Despite the fact that "storefronts" are generally not legal entities, courts sometimes permit plaintiffs to initiate a case by naming the internet storefronts as defendants. **That is because in cases like this alleging sales of counterfeit goods over the internet by sellers allegedly located outside the United States, the storefront names are often the only information the plaintiffs have about the sellers.** Customarily, courts freeze the assets associated with the storefront according to eBay's or Amazon's records, which causes the storefronts' owners to appear and frequently reach settlements with the plaintiffs. That is what happened in this case for the majority of the original 94 internet storefronts that Plaintiffs identified in their initial complaint. Under those circumstances, the Court never needs to know the true identities of the owners of the storefronts. No. 20 C 4806, 2022 WL 1028834, at *1–2 (N.D. Ill. Apr. 6, 2022)

None of Plaintiff's allegations as to the Moving Defendants' deceptive business practices is refuted by the Declaration of Xiaoxiao Lin and are thus admitted. *Felland*, 682 F.3d at 672. However, the Court need not rely solely on the Moving Defendants' failure to refute the allegations of the Complaint as the Declaration of Xiaoxiao Lin, through the Exhibit A, thereto, contain vital admissions.

Here, Moving Defendants, through the Declaration of Xiaoxiao Lin, include screenshots

of Moving Defendants internet storefronts. [D.E. 30-1, pgs 4-89]. Each Moving Defendant offers "Delivery to **Chicago 60604**". [D.E. 30-1, pgs 4, 8, 17, 21, 24, 27, 31, 35, 39, 43, 47, 51, 55, 58, 61, 65, 68, 69, 70, 72, 76, 78, 81, 83, and 86] (emphasis in original). Furthermore, Moving Defendants' storefronts even quote the price to ship to the Chicago zipcode they reference. [Id.] Moving Defendants cannot deny that they, at least, offered to ship and/or deliver the infringing items to Illinois. Moving Defendants' own Declaration contradicts their argument that they did not "purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities." (D.E. 30, p. 5) [quoting Plaintiff's Complaint Dkt. 1 at ¶3]. Their offers to ship to a Chicago zip code are certainly "purposefully directed" at Illinois. Moving Defendants actions with respect to Illinois go far beyond the hypothetical "That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site' *Rubik's Brand, Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021). Moving Defendants actually offered to ship to a specific location in Illinois pursuant to request.

The Moving Defendants' storefronts also demonstrate sales because many of the stores have customer ratings and/or product reviews describing the stores and/or items purchased. [D.E. 30-1, pgs 13, 14, 23, 30,38, 46, 75, 81, 83, 85, 86, and 89]. The Declaration of Xiaoxiao Lin does not attempt to explain where those sales were delivered and ignores those sales altogether.

Moving Defendants' argument that exercising jurisdiction of Defendants "does not comport with fair play and substantial justice" seems to argue that the inconvenience to Moving

Defendants of litigating in Chicago, Illinois should take precedence over this Court's personal jurisdiction over Moving Defendants. [D.E. 30, p. 10]. For example, Moving Defendants point out that "Plaintiff's claims are based on federal copyright infringement law", then argue that the enforcement of a federal law tips against Illinois' interest in exercising personal jurisdiction. [Id.] Moving Defendants cite no case law to support such a theory and the argument is waived.

**c) The Court may properly exercise jurisdiction over the Moving Defendants based on the fact that they generally conduct business in Illinois.**

In its Complaint, Plaintiff alleges, in pertinent part, that "Defendants are subject to personal jurisdiction in the Northern District of Illinois because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and the Northern District of Illinois, through at least, operating under Seller IDs on the internet based e-commerce stores accessible in Illinois." [D.E. 1 at ¶2]. The Declaration of Xiaoxiao Lin leaves this allegation unrebutted. In *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, Judge Jenkins faced a scenario where, as here, the defendants denied having made any sales. No. 24 CV 607, 2024 WL 3338942, at *3 (N.D. Ill. July 9, 2024). Judge Jenkins assessed this position as a "slightly too narrow view of the scope of specific personal jurisdiction." *Id*. Ultimately, Judge Jenkins denied the defendants' motion to dismiss because, as here, "[Plaintiff] alleges, and Defendants do not dispute, that they conduct e-commerce business in Illinois generally. That is more than a mere offer to sell, and *Ford* holds that contacts need not be strictly causal—a claim arises out of sales to the forum state if that sale itself is actionable, but a claim may sometimes relate to sales of other goods in that forum. The fact that Defendants conduct e-commerce business in Illinois is enough for a prima facie case that Roadget's claims regarding other products Defendants sell from the same online storefronts

relate to Defendants' jurisdictional contacts with Illinois." *Id*. at 4. (Internal Citations Omitted) Plaintiff agrees with Judge Jenkins' analysis in *Roadget* and respectfully submits that the Court should follow the reasoning of *Roadget*, which turned on her analysis of *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). But for Moving Defendants' purposeful availment of the Illinois market while violating Plaintiff's intellectual property rights, including confirmed sales into Illinois, Plaintiff would not have suffered injury in Illinois. see also *BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-cv-3720, 2022 WL 7501046, at *3 (N.D. Ill. Oct. 13, 2022) (Seeger, J.) (chat log with a would-be buyer confirming that defendant could ship to Chicagoland suburb and providing a price for shipping costs, as well as an invoice showing shipment to that address, was "more than enough to show purposeful availment" and "a willingness to sell products" in Illinois); *Int'l Star Registry of Ill. v. RGifts Latd.*, 21-cv-06446 at *6 (N.D. Ill. Nov. 4, 2022) (Coleman, J.) (citing *NBA Properties* as establishing jurisdiction based on a single sale and finding jurisdiction established over the defendant's objection that sales to and customers in Illinois were insufficient).

**d) The Court may properly exercise jurisdiction over the Moving Defendants pursuant to Fed.R.Civ.P. 4(k)(2).**

To establish jurisdiction under Rule 4(k)(2), the plaintiff must show: "(1) the plaintiff's claims [are] based on federal law; (2) no state could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction [is] consistent with the laws of the United States; and (4) the exercise of jurisdiction [is] consistent with the Constitution." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000); *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 C 3139, 2024 WL 4132433, at *3 (N.D. Ill. Sept. 9,

2024) (Ellis, J.) Here, as in *Roadget* and as the Moving Defendants do not and cannot question, Plaintiff's claims are based on federal law, the Copyright Act. [D.E. 1].

Without support, Moving Defendants' brief claims that none of the stores made any sales anywhere within the United States. [D.E. 30, p. 13]. Moving Defendants claim of no sales anywhere is belied by the store screenshots attached to the Declaration of Xiaoxiao Lin. [D.E. 30-1, Exhibit A]. As discussed above, the Moving Defendants' storefronts prove sales because many of the stores have customer ratings and/or product reviews describing the stores and/or items purchased. [D.E. 30-1, pgs 13, 14, 23, 30,38, 46, 75, 81, 83, 85, 86, and 89]. The Moving Defendants' brief does not address those customer reviews within the evidence it submits, but merely argues that no sales were made. Moving Defendants' argument is contradicted by its own evidence. Each case cited by Moving Defendants is distinguishable based on the provable, consummated, commercial activity of the Moving Defendants' storefronts.

Furthermore, Moving Defendants having failed to identify any other state where jurisdiction over them can be exercised, application of Rule 4(k)(2) is appropriate. See *Indag GmbH & Co. v. IMA S.P.A*, 150 F.Supp.3d 946, 960 (N.D. Ill. 2015) ("[I]f the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)."); *Hangzhou Chic Intelligent Tech. Co. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 20 C 4806, at *1 (N.D. Ill. Apr. 6, 2022) (same).

**e) Plaintiff should be granted leave to replead in the event of dismissal.**

While Plaintiff believes that it has more than met its burden to demonstrate that the exercise of jurisdiction over Moving Defendants is proper in the Northern District of Illinois, in the event that the Court might disagree, Plaintiff respectfully submits that it should be granted

leave to amend its complaint. In its Complaint, Plaintiff stated that "In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint." [D.E. 1 at 25]. Plaintiff's investigation continues. Plaintiff also hopes that the Moving Defendants might be inspired to file affiliate disclosures, which, though they are not sworn statements, might provide some additional insight into their identity and the inner workings of their copyright infringement network.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Motion to Dismiss be **DENIED** and that Moving Defendants objection to Plaintiff's Motion for Preliminary Injunction be **OVERRULED**. .

Respectfully submitted this 13th day of February 2025.

By: /s/ Michael T. Stanley

Michael Stanley
IL Bar No.: 6284055
Ford Banister LLC
111 W. Jackson Suite 1700
Chicago, Illinois 60604
Telephone: 212-500-3268
Email: mstanley@fordbanister.com
Attorney for Plaintiff