**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd.,<br>a Chinese Limited Corporation<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships And<br>Unincorporated Associations<br>Identified On Schedule "A"<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br>Case: 24-cv-12074<br><br>Judge: Lindsay C. Jenkins<br><br>Mag. Judge: Jeannice W. Appenteng |

**PLAINTIFF'S REPLY TO MEMORANDUM OF SHENZHEN CAICHI APPAREL CO., LTD IN OPPOSITION TO THE ENTRY OF A PRELIMINARY INJUNCTION AND OPPOSITION TO CROSS MOTION TO DISMISS [DOC. 44][1]**

## I. SUMMARY OF THE ARGUMENT

Chinese Company Caichi Apparel Co., Ltd. lacks standing to oppose Plaintiff's motion for preliminary injunction and may not assert any lack of personal jurisdiction. The Declaration of Declaration of Tao Shubiao is not properly before the Court. The Court may properly exercise jurisdiction over the Defendants based on sales made into Illinois. The Court may properly exercise jurisdiction over the Defendants based on the fact that they generally conduct business in Illinois. Plaintiff should be granted leave to replead in the event of dismissal. Plaintiff has demonstrated entitlement to entry of a preliminary injunction.

[1] Plaintiff acknowledges that the instant filing is submitted approximately eight hours past the deadline but before open of business today. Counsel, undersigned, apologizes for the delay. Plaintiff is working very hard and persistently to move this case and others off the docket as quickly and expeditiously as possible in the midst of personnel changes at the undersigned's firm. Plaintiff respectfully requests that the Court exercise its discretion to accept the instant filing.

## II. ARGUMENT

### a) Chinese Company Caichi Apparel Co., Ltd. lacks standing to oppose Plaintiff's motion for preliminary injunction and may not assert any lack of personal jurisdiction.

In this case, Chinese Company Caichi Apparel Co., LTD. (hereinafter, "Caichi") appears to claim that it "owns and operates" a large number of ecommerce stores on the Amazon platform. [D.E. 44-1, ¶¶1, 6] Defendants rely on the Declaration of Tao Shubiao on behalf of Caichi Apparel Co., LTD, despite the fact that neither Tao Shubiao (hereinafter, "the Tao Declaration") nor Caichi are Defendants to this matter, not identified in any of the infringing evidence as a store operator, and not identified by the platform. Furthermore, neither "Caichi" nor "Shubiao" nor "Tao" is associated with any Defendant within the production from the platform. (Exhibit A, hereto, Declaration of L. Ford Banister, II). Given that neither the declarant, Tao Shubiao, nor the company, Caichi, are parties to this proceeding, they do not have the right to oppose Plaintiff's request for entry of a preliminary injunction or to object to jurisdiction over these Defendants.

The requirement that a party establish its standing to litigate applies not only to plaintiffs but also defendants. See *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055, 1067, 137 L.Ed.2d 170 (1997) (stating that "[s]tanding to sue or defend is an aspect of the case-or-controversy requirement" and "[s]tanding to defend on appeal in the place of an original defendant, no less than standing to sue, demands that the litigant possess a direct stake in the outcome") (emphasis added and internal quotation marks omitted); *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) ("How can one defend without first becoming a party?"); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1264-68 (11th Cir. 2015). The standing requirement is particularly well established and developed in the context of non-party and

co-party attempts to assert a lack of personal jurisdiction. See *Camp v. Gress*, 250 U.S. 308, 316-17 (1919) ("A resident co-defendant cannot avail himself of the objection.") "Numerous courts have held that '[c]o-defendants do not have standing to assert improper service claims on behalf of other defendants,' regardless of the alignment of their interests." *United States v. Park*, 389 F. Supp. 3d 561, 582–83 (N.D. Ill. 2019) (Alonso, J.). See also *Lawson v. Qingdao Taifa Grp. Co.*, No. 1:10-CV-753-JMS-DKL, 2013 WL 5303741, at *2-3 (S.D. Ind. Sept. 19, 2013) (garnishee defendant had no standing to assert that court had no personal jurisdiction over judgment defendant based on defective service); *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, No. 3:10-CV-00641-DRH, 2011 WL 1792228, at *3 (S.D. Ill. May 10, 2011); *Burnett v. Country Mut. Ins. Co.*, No. 12-CV-0019, 2013 WL 12234282, at *6 (W.D. Wis. May 3, 2013) ('[A] party may object to personal jurisdiction or improper service of process only on behalf of himself or herself, since the objection may be waived.') (internal quotation marks and alterations omitted) (applying Wisconsin law, but, finding no case on point, citing case law in numerous jurisdictions). Based on this well established law and with any evidentiary conflict properly resolved in Plaintiff's favor, as set out further below, the actual Defendants sued by Plaintiff whose identifying information was provided to Plaintiff by Amazon as the record operators of the storefronts need to show up if they want to defend. They cannot simply send a non-party in China, perhaps, to make their objections for them while they avoid answering altogether.

**b) The Declaration of Declaration of Tao Shubiao is not properly before the Court.**

Declaration of Tao Shubian, submitted in support of Defendants' Motions. Notably, the Declaration states that it was prepared "with the assistance of a translator as my native language is Mandarin Chinese." [Tao Declaration at *3] However, no certificate of translation is included

to certify either the accuracy of translation, the identity of the translator, or the qualifications of the translator. It is well established that written translations must be properly authenticated with many courts in the Northern District of Illinois, including this one, declining to consider untranslated documents or documents in English that lack a translator's certification where translation is acknowledged. See *Ree v. City of Chicago*, No. 22 CV 4284, 2023 WL 3123761, at *5 (N.D. Ill. Apr. 27, 2023) (Jenkins, J.) (granting motion to strike exhibits where unaccompanied by translation); *Delta Tech. Dev. LLC v. BIGJOYS*, No. 24 C 2406, 2024 WL 3755929, at *2 (N.D. Ill. Aug. 12, 2024) (Ellis, J.) (sua sponte declining to consider untranslated declaration where "[b]y Liu's admission, he obtained English-language translations of the screenshots he submitted as exhibits to his first declaration by using a web browser's automatic translation service.") (internal punctuation omitted); *ABC Corp. v. Partnerships & Unincorporated Ass'ns Identified on Schedule A*, 2022 WL 18937941, at *1 (N.D. Ill. Dec. 19, 2022) (at TRO stage, plaintiff's Chinese-to-English translations of documents, created using an automatic translation service, were inadmissible under the " 'well-established rule that a document in a foreign language is generally inadmissible unless accompanied by a certified English translation' " where "[t]here [wa]s no indication that anyone with knowledge of the Chinese language reviewed the computer-generated translations created by plaintiff's lawyer") (quoting *Heredia v. Americare, Inc.*, 2020 WL 3961618, at *5 (S.D.N.Y. July 13, 2020)); *Trapaga v. Central States Joint Bd. Local 10*, 2007 WL 1017855, at *8 (N.D. Ill. Mar. 30, 2007) (at summary judgment, striking for improper authentication "English-language versions" of affidavits that "appear to be translation of ... Spanish language versions" of affidavits where "neither contain[ed] any translator's verification or other indication that the testimony was accurately translated"); *Townsend Eng'g Co. v. Hitec Co.*, No. 85 C 8840, 1986 WL 13708, at *2

(N.D. Ill. Dec. 4, 1986), aff'd, 829 F.2d 1086 (Fed. Cir. 1987) "Zarley's statement of his own belief in the translation's accuracy will not suffice, for it is not based on his own personal knowledge and he himself is unqualified as a translator. Zarley Aff. ¶¶ 4–8 are therefore stricken (as is the final sentence of Paragraph 3). Zarley Aff. ¶12, which asserts the accuracy of the translations, falls as well."). Consistent with Fed.R.Evid. 604 and 901 and these authorities, Plaintiff respectfully submits that the Tao Declaration must not be considered.

**c) The Court may properly exercise jurisdiction over the Defendants based on sales made into Illinois.**

When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, as here, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id*. at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[ ] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672. See *Blake v. Celebrity Home Loans, LLC*, No. 23 C 1839, 2024 WL 1859405, at *3 (N.D. Ill. Apr. 29, 2024) (Ellis, J.)

In its Complaint [D.E. 1], Plaintiff specifically alleged that this Court has personal jurisdiction over all named defendants and that the defendants' business model is built on deception based on the following conduct alleged within the paragraphs cited:

> Paragraph 2: Defendants are subject to personal jurisdiction in the Northern District of Illinois because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and the Northern District of Illinois, through at least, operating under Seller IDs on the internet based e-commerce stores accessible in Illinois.
>
> Paragraph 3: Defendants are subject to personal jurisdiction in this judicial district because they have purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, **sale**, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities.
>
> Paragraph 4: Alternatively, Defendants are subject to personal jurisdiction in this District pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.
>
> Paragraph 11: The Defendants' Seller IDs share unique identifiers, such as design elements and similarities of the products offered for sale utilizing unauthorized and infringing copies of the Plaintiff's Hollow Halloween Works, which establishes a logical relationship between them. Defendants' Seller IDs likewise suggests that their illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities, including the full scope and inner workings of their illegal operations. Plaintiff is forced to file this action to combat Defendants' acts of copyright infringement. Plaintiff is and continues to be irreparably damaged through consumer confusion, loss of control over creative content and garnishment of his valuable copyrights as a result of Defendants' actions. Plaintiff seeks injunctive and monetary relief against such acts of the Defendants.
>
> Paragraph 24: Defendants are individuals and businesses who conduct and engage in business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule "A". Each Defendant targets the United States, including Illinois, and has solicited, marketed, promoted, and advertised their products in a manner that violates Plaintiff's rights in its federally protected Hollow Halloween Works.

> Paragraph 25: While the Defendants' true identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Defendants have employed tactics to conceal their identities and the full scope of their infringing activities. Consequently, it is virtually impossible for Plaintiff to learn Defendants' true identities and the exact inner workings of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

> Paragraph 32: Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

> Paragraph 39: Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online stores. For example, to avoid detection, Defendants register their online stores using names and physical addresses that are incomplete, contain randomly typed letters, or fail to include cities or states. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller IDs listed in Schedule "A" to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and inner workings of their network in order to avoid being shut down.

> Paragraph 43: Defendants, without any authorization or license from Plaintiff, **have knowingly and willfully used and continue to use Plaintiff's Hollow Halloween Works in products depicted in the advertisements, displays, distribution and offers for sale on their internet stores.** Each of the Defendants' online stores offers shipping to the United States, including Illinois and each Defendant has offered to sell retail items into Illinois and this District utilizing unauthorized and infringing images of Plaintiff's Hollow Halloween Works.

Due to the Caichi's lack of standing to defend and the infirmities in the Tao Declaration which require its exclusion, Plaintiff's allegations are unrebutted and must be resolved in

Plaintiff's favor. *Felland*, 682 F.3d at 672. The inquiry and the Court's analysis can and should end here.

However, out of an abundance of caution, Plaintiff will further address the Motion to Dismiss. Having clearly pled that jurisdiction is proper before this Court due to the Defendants having **sold** goods utilizing Plaintiff's copyright protected images, the Motion to Dismiss repeatedly suggests that Plaintiff failed to properly allege a basis for jurisdiction in the Complaint. [D.E. 44 at *3, 7, 9]. The gist of the argument is that "Overall, the complaint fails to set forth sufficient facts to establish specific jurisdiction in Illinois." [*Id.* at *10] The characterization of Plaintiff's pleading is baseless and refuted by the Complaint itself. Moreover, no rule of law could be better established but that "[A] complaint need not include facts alleging personal jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo*, S.A., 338 F.3d 773, 781–82 (7th Cir. 2003) citing *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir.1998). The attack on Plaintiff's pleading in support of a finding of lack of personal jurisdiction is meritless.

**d) The Court may properly exercise jurisdiction over the Defendants based on the fact that they generally conduct business in Illinois.**

In its Complaint, Plaintiff alleges, in pertinent part, that "Defendants are subject to personal jurisdiction in the Northern District of Illinois because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and the Northern District of Illinois, through at least, operating under Seller IDs on the internet based e-commerce stores accessible in Illinois." [D.E. 1 at ¶¶ 2, 24] Even if accepted, the Tao Declaration leaves this allegation unrebutted. In *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, Judge Jenkins faced a scenario where, as here, the defendants

denied having made any sales. No. 24 CV 607, 2024 WL 3338942, at *3 (N.D. Ill. July 9, 2024). Judge Jenkins assessed this position as a "slightly too narrow view of the scope of specific personal jurisdiction." *Id*. Ultimately, Judge Jenkins denied the defendants' motion to dismiss because, as here, "[Plaintiff] alleges, and Defendants do not dispute, that they conduct e-commerce business in Illinois generally. That is more than a mere offer to sell, and *Ford* holds that contacts need not be strictly causal—a claim arises out of sales to the forum state if that sale itself is actionable, but a claim may sometimes relate to sales of other goods in that forum. The fact that Defendants conduct e-commerce business in Illinois is enough for a prima facie case that Roadget's claims regarding other products Defendants sell from the same online storefronts relate to Defendants' jurisdictional contacts with Illinois." *Id*. at 4. (Internal Citations Omitted). See also *Yiwu Baimei Electronic Commerce Co., Ltd. v. The Partnerships And Unincorporated Associations Identified On Schedule A, et al.*, Case No.: 1:24−cv−08704 (N.D. Ill. December 16, 2024) (D.E. 119) (Jenkins, J.) ("Taking Plaintiff's allegation that Defendant has conducted some amount of business in Illinois as true, there would appear to be at least a prima facie showing to support the Court's exercise of jurisdiction. Defendant's only argument is that the Court lacks personal jurisdiction because it 'has never sold any infringing products to the state of Illinois up to the date.' But this assertion supports jurisdiction even if Defendant's sales involved products other than those at issue in the lawsuit.")

Plaintiff agrees with Judge Jenkins' analysis in *Roadget* and *Yiwu Baimei* and respectfully submits that the Court should follow the reasoning of *Roadget*, which turned on the analysis of *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). But for Defendants' purposeful availment of the Illinois market while violating Plaintiff's intellectual property rights, including confirmed sales into Illinois, Plaintiff would not have suffered injury in Illinois. see

also *BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-cv-3720, 2022 WL 7501046, at *3 (N.D. Ill. Oct. 13, 2022) (Seeger, J.) (finding that chat log with a would-be buyer confirming that defendant could ship to Chicagoland suburb and providing a price for shipping costs, as well as an invoice showing shipment to that address, was "more than enough to show purposeful availment" and "a willingness to sell products" in Illinois); *Int'l Star Registry of Ill. v. RGifts Latd.*, 21-cv-06446 at *6 (N.D. Ill. Nov. 4, 2022) (Coleman, J.) (citing *NBA Properties* as establishing jurisdiction based on a single sale and finding jurisdiction established over the defendant's objection that sales to and customers in Illinois were insufficient).

**e) Plaintiff should be granted leave to replead in the event of dismissal.**

While Plaintiff believes that it has more than met its burden to demonstrate that the exercise of jurisdiction over Defendants is proper in the Northern District of Illinois, in the event that the Court might disagree, Plaintiff respectfully submits that it should be granted leave to amend its complaint. In its initial complaint, Plaintiff stated that "[i]f Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint." [D.E. 1 at 24] Plaintiff's investigation continues. See *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss."); *Gutierrez v. Wemagine.AI LLP*, No. 21 C 05702, 2022 WL 6129268, at *1 (N.D. Ill. Oct. 7, 2022) (Durkin, J.) (denoting leave to amend granted after dismissal for lack of personal jurisdiction).

**f) Plaintiff has demonstrated entitlement to entry of a preliminary injunction.**

As an initial matter and, as set out above, Plaintiff reiterates Caichi's lack of standing to defend and the infirmities in the Tao Declaration which leave Plaintiff's motion for preliminary

injunction, as much as the motion to dismiss, unrebutted. The Court's review and analysis of the Opposition to Plaintiff's motion for preliminary injunction can and should end here.

Out of an abundance of caution, Plaintiff addresses the argument presented in the Opposition. The Opposition contains several arguments posited in an attempt to negate Plaintiff's request for preliminary injunctive relief and the Court's preliminary finding that injunctive relief is proper. First, there is the claim that "Plaintiff's argument that it will suffer irreparable harm in the absence of an injunction is rooted in its own monetary interest. It complains that Defendant's might 'disgorge their assets prior to Plaintiff obtaining equitable relief.' But monetary loss is not irreparable. In fact, damages are available specifically to compensate for such loss (if it exists)." [D.E. 44 at *10] (internal citation omitted). Here, the Opposition speaks generally to irreparable harm when Plaintiff, in the quoted argument, presented in support of an asset restraint with the very next line after the single sentence quoted in the Opposition being "As a result, Plaintiff requests for an asset restraint against the Defendants' financial assets." [D.E. 15 at *8] At no point does the Opposition contend that equitable asset restraints of the type issued in this case and in similar cases is improper, nor does the Opposition develop the argument or support it with pertinent case law. Whatever point the Opposition intends to make, the argument is properly waived. See *United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011) (explaining that "perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). The same is true for the next truncated argument in which the Opposition presents snippets from the Declaration of Jun Wu to summarily state that "None of that is relevant to the only asserted claim of copyright infringement" without further analysis or citation to case law. [D.E. 44 at *11]

The Opposition next states that "Plaintiff cannot rely on the mere existence of copyright registrations to presume that in absence of the preliminary injunction, it would suffer irreparable harm." [*Id.*] The Opposition then dedicates two paragraphs to demonstrate that there is no longer a presumption of irreparable harm in copyright cases. [*Id.* at *11-12] Plaintiff does not disagree. However, this is of no import here as Plaintiff has not at any time suggested otherwise nor relied on the Court presuming that such a presumption might apply. The Opposition cites to "Dkt 24, page 7" but D.E. 24 in this case is a certificate of service filed on December 23, 2025 that is only two pages in length. This argument is waived. See *King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017) (failure to cite to the record is a basis for the district court to disregard the assertion).

The Opposition next posits that "Plaintiff's purported harm to goodwill and reputation are not copyright injuries." [D.E. 44 at *11] Plaintiff respectfully disagrees and the Defendants must concede that it is not certain law here. In fact, the author of the Opposition, Mr. Matthew De Preter, who, on August 17, 2023, when acting as counsel for the plaintiff in *Gearbox Enterprises, LLC v. The Partnerships, et al.*, Case No. 23CV05593, submitted the following argument to Judge Jorge Alonso in support of the plaintiff's request for a TRO in a case brought under the Copyright Act:

> Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation and the goodwill symbolized by the Gearbox Copyrights. Under Rule 65(b) of the Federal Rules of Civil Procedure the Court may issue an ex parte Temporary Restraining Order when immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition. The entry of a TRO is appropriate because it would immediately stop the Defendants from benefiting from the sale of Unauthorized Gearbox Products, their wrongful use of the Gearbox Copyrights, and preserve the status quo until a hearing can be held.

[*Id.*][D.E. 8 at *4]

> Irreparable injury in copyright infringement cases is shown when “remedies available at law, such as monetary damages, are inadequate to compensate for that injury.” *Salinger v. Colting*, 607 F.3d 68, 80 (citing *Ebay Inc. v Mercexchange, L. L. C.*, 547 US 388, 391 (2006)). **For example, an injury that “is not easily measurable in monetary terms, such as an injury to reputation or goodwill, is often viewed as irreparable.**” *Enverve, Inc v Unger Meat Company*, 779 F Supp 2d 840, 844 (N.D. Ill 2011) (citing 11A Charles Alan Wright, Arthur Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice Procedure § 2948.1 (2d ed.)).

[*Id*. at *8] [Emphasis Added]

Plaintiff agrees, as have other Courts considering the issue, including, most importantly, our own Court of Appeals. “[I]t is well established that the loss of goodwill and reputation, if proven, can constitute irreparable harm,” *Life Spine Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 546 (7th Cir. 2021) (citing *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 680 (7th Cir. 2012)). See also *Delta Tech. Dev. LLC v. BIGJOYS*, No. 24 C 2406, 2024 WL 3755929, at *5–6 (N.D. Ill. Aug. 12, 2024) (Ellis, J.); *Vergara Hermosilla v. The Coca-Cola Co.*, 717 F. Supp. 2d 1297, 1305 (S.D. Fla. 2010) ("the loss of customers and goodwill is an irreparable injury") (internal quotation omitted) (citing *Ferrero v. Assoc. Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991).

Finally, the Opposition posits that “Irreparable harm also cannot be established solely on the fact of past infringement.” [D.E. 44 at *13] In support, the Opposition cites to one case from the Seventh Circuit and another district Court case. [*Id*..] Neither is a copyright case. “[G]eneral propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76, 25 S.Ct. 539, 49 L.Ed. 937 (1905) (Holmes, J., dissenting). See also *Daubert v. Merrell Dow*, 509 U.S. 579, 598, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (Rehnquist, C.J., concurring in part and dissenting in part)(“‘general observations’” suffer from the common flaw that they are not applied to the specific matter and "therefore they tend to be not only general, but vague and abstract.”) As set out above and based on the same law, in the absence of support by pertinent authority, this

argument is also waived. In any event, in light of the admissions made in the Tao Declaration and the absence of any assurance that Plaintiff's copyright protected images continue to be utilized by Defendants, Plaintiff has a reasonable fear of continued infringement by overseas bad actors should injunctive relief not be maintained.

In addressing Plaintiff's likelihood of success on the merits, the Opposition claims that Plaintiff's Works lacks originality and that "there is a high likelihood that Plaintiff's purported copyright material is insufficiently original to pass muster and be entitled to any significant copyright protection." [*Id.* at *15] While the Opposition generally characterizes Plaintiff's Work's, it stops short of actually alleging a lack of originality. In any event, the certificate of registration constitutes prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c). This presumption is rebuttable. *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995). Where, as here, the presumption of validity is questioned, the burden shifts to the opposing party. See *Runstadler Studios, Inc. v. MCM Ltd. P'ship*, 768 F. Supp. 1292, 1295 (N.D. Ill. 1991) citing *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 826 (11th Cir.1982). The Opposition presents nothing but speculation and thus, necessarily fails.

Finally, the Opposition attempts to bootstrap its shallow argument on the likelihood of success on the merits into an objection that entry of a preliminary injunction will disserve the public. To the contrary, "Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc., v. Franklin Computer Corp.*, 714 F. 2d 1240, 1255 (3rd Cir. 1983).

## IV. CONCLUSION

In assessing the instant motion for preliminary injunction and opposition to the motion to dismiss, Plaintiff respectfully submits that the Court should keep foremost in mind the admitted and apparent tactics utilized by defendants in what is the intrinsically deceptive business of cross border intellectual property theft. Based on the foregoing, Plaintiff respectfully requests that the Court grant its motion for preliminary injunction and deny the motion to dismiss at this juncture.

Respectfully submitted this 19th day of February, 2025.

*/s/ Lydia Pittaway*
Fla. Bar No: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com
*Attorney for Plaintiff*