**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd.,<br>a Chinese Limited Corporation<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships And<br>Unincorporated Associations<br>Identified On Schedule "A"<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br>Case: 24-cv-12074<br><br>Judge: Lindsay C. Jenkins<br><br>Mag. Judge: Jeffrey T. Gilbert |

**<u>PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN OPPOSITION TO DEFENDANT (NO. 80) QD YING FAN's MOTION TO VACATE (D.E. 108)</u>**

Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. ("Plaintiff" or "Baimei"), with opposition by Moving Defendant (No. 80) QD YING FAN, seeks to extend the time to file its Response to Defendant's Motion to Vacate (D.E. 108) by a period of fourteen (14) additional days to April 14, 2025. In support of its request, Plaintiff states as follows:

1. On November 22, 2024, the Plaintiff filed its Complaint alleging violations of 17 U.S.C §101 et seq. (copyright infringement). [Doc. 1].
2. On December 23, 2024, Plaintiff executed service on Defendants. [Doc. 26]
3. On Sunday, March 23, 2025, Defendant (No. 80) QD YING FAN filed its Motion to Vacate [Doc. 108].
4. On Sunday, March 23, 2025, this Court entered a Minute Order requiring Plaintiff to respond within five business days, or by March 31, 2025. [Doc. 109]

5. Plaintiff requests additional time to obtain further sales information from the third party platform regarding a reported sale. Specifically, on the morning of March 25, 2025, Plaintiff requested supplemental production from the third party platform regarding Defendant's reported sale and awaiting the platform's response.
6. Plaintiff has not previously moved to extend the deadline to file its response.
7. The undersigned conferred with Defendant's counsel Qin Zhuang, who does oppose a mutual extension beyond two days. However, the undersigned believes that two days may be insufficient. In the undersigned's experience, the Shein platform has longer than average waiting periods for production. Notwithstanding, Plaintiff would naturally be agreeable to any mutual extension.
8. The instant motion is not brought for purposes of harassment or delay.
9. Fed. Rules Civ. Proc., Rule 6(b)(1) states that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."
10. The opinion of *McCann v. Cullinan* set forth the standard:

> "Consequently, under Rule 6, when a party seeks an extension of time, the court may extend the time if good cause is shown. Fed.R.Civ.P. 6(b)(1). But Rule 6 differentiates between requests for extensions made *before* the time has expired and requests made *after* the time has expired. If the request is made before the time has expired, then only good cause must be shown. *Under Rule 6,* 'good cause' is not a high standard. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir.2010) (good cause is a non-rigorous standard)." 2015 WL 4254226 *7 (N.D. Ill. July 14, 2015).

11. In this case, the deadline for Plaintiff to respond had not elapsed at the time the request to extend was filed, therefore, the "good cause" standard applies.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1) That Plaintiff may have an extension of fourteen (14) days from March 31, 2025 until April 14, 2025 to file its Response in Opposition to Defendant's Motion to Vacate.

2) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 31st of March 2025.

*/s/ Lydia Pittaway*
Fla. Bar No.: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com
Attorney for Plaintiff