**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Yiwu Baimei Electronic Commerce Co., Ltd.**<br><br>Plaintiff,<br>v.<br><br>**The Partnerships and Unincorporated Associations Identified On Schedule A,**<br><br>Defendants. | Case No. 1:24-cv-12074<br><br>Hon. Lindsay C. Jenkins |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF 111)**

Defendant No. 80 QD YING FAN ("Defendant"), by and through undersigned counsel, respectfully requests that this Court deny Plaintiff's motion for a fourteen (14) day extension to respond to Defendant's Motion to Vacate, as ordered by this Court. In support of this opposition, Defendant states as follows:

**1. Substantial and Ongoing Harm to Defendant's Business**

Since the issuance of the Temporary Restraining Order (TRO) on December 3, 2024, Defendant has been unable to access its funds for nearly **four months**, severely impairing its ability to maintain daily business operations. The longer the proceedings are delayed, the greater the financial harm to the Defendant's vulnerable business. An additional fourteen-day extension exacerbates this harm and is unjustified given the circumstances.

**2. Plaintiff's Lack of Diligence**

Plaintiff has had sufficient time to seek the necessary information from the third-party platform (SHEIN). Defendant provided the draft motion to Plaintiff for comments on March 12, 2025 (CT), but received no reply. Defendant then filed the motion on March 14, 2025. This means that from March 12 to March 31, 2025, Plaintiff has had nearly **twenty days** to gather additional evidence and prepare a response, not merely five business days as claimed. Plaintiff did not act until March 25, 2025, displaying a lack of diligence that should not be rewarded by granting an extension.

**3. Prior Agreement and Proportionality**

On March 28, 2025 (CT), Plaintiff requested a two-day extension, to which Defendant consented, provided that it would also include a two-day extension for Defendant's reply. A fourteen-day extension, however, is excessive and disproportionately harms Defendant's business, especially given the ongoing asset restraint.

**4. Unnecessary Delay Given the Nature of the Arguments**

Defendant's Motion to Vacate (ECF 105) presents two alternative arguments based on reasonable assumptions: (a) the absence of sales in Illinois, and (b) the occurrence of a single, isolated sale through the stream of commerce, without something more, which does not establish jurisdiction. Plaintiff can address these arguments without awaiting further data, as Defendant has outlined clear hypothetical scenarios addressing both possibilities. Further, any information regarding the shipment location can reasonably be expected to be available prior to the hearing. As such, there is no justifiable need for an extension.

**5. Plaintiff's Ability to Respond Without Delay**

As Defendant was able to formulate arguments based on potential scenarios, Plaintiff should similarly be able to draft a response addressing both arguments. The extension is unwarranted and serves only to delay proceedings.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion for an extension of more than two days, as such delay will cause undue financial harm to Defendant and is not supported by sufficient justification.

Dated: March 31, 2025

Respectfully submitted,

/s/ *Qin Zhuang*
Qin Zhuang
Beijing Yunting Law Firm
16-18th Floor, Ruisai Building
126 Jianguo Road, Chaoyang
Beijing, PRC 100022
0086-155-1009-0593
zhuangqin@yuntinglaw.com
***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

On March 31, 2025, I filed the foregoing document with the clerk of Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF System, which will send notification of said filing to all counsel of record.

/s/ *Qin Zhuang*

Qin Zhuang