**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd.,<br>a Chinese Limited Corporation | ) | Case: 24-cv-12074 |
| Plaintiff, | ) | Judge: Lindsay C. Jenkins |
| v. | ) | Mag. Judge: Jeannice W. Appenteng |
| The Partnerships And<br>Unincorporated Associations<br>Identified On Schedule "A" | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT QD YING FANS' AMENDED MOTION TO VACATE DEFAULT JUDGMENT**

COMES NOW, Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd., by and through the undersigned counsel, and respectfully submits its response in opposition to the Motion to Vacate Default Judgment (Doc. 108) filed by Defendant (No. 80) QD YING FANS. Plaintiff respectfully submits that Defendant admits to a U.S. based sale and has presented no evidence that the sale was not into the Northern District of Illinois.[1] Furthermore, Defendant has been diliatory because it has known about this case since at least January 29, 2025, when its prior counsel initially contacted the undersigned's office. As a result of these circumstances, Plaintiff respectfully requests for this Court to deny Defendant's Motion to Vacate. In the alternative, Plaintiff respectfully submits that this Court should either enter a stay on Defendant's Motion or deny Defendant's Motion without prejudice.

[1] Plaintiff has requested but not yet received production from the platform regarding details of the Defendant's sale and therefore cannot confirm the shipping address.

## I. BACKGROUND AND PROCEDURAL HISTORY

On November 22, 2024, Plaintiff filed its Complaint (D.E. 1) alleging copyright infringement against the Defendant Internet Stores identified on the Amended Schedule A (D.E. 8). On November 26, 2024, Plaintiff filed its Motion for Electronic Service (D.E. 14), Motion for Expedited Discovery (D.E. 13) and Motion for Temporary Restraining Order. (D.E. 15). On December 3, 2024, this Court granted Plaintiff's Motions. (D.E. 17). On December 19, 2024, Plaintiff filed its Motion for Preliminary Injunction (D.E. 22).

On December 23, 2024, Plaintiff served Defendant with the Summons, Complaint, Motion for Preliminary Injunction, proposed Order and Minute Order (D.E. 26). (*See* Return of Summons at D.E. 26, Certificate of Service at D.E. 24, Declaration of L. Pittaway attached hereto as Exhibit One, and Service email attached hereto as Exhibit Two). Defendant (No. 80) QD YING FANS had until January 13, 2025 to file a response to the Complaint and/or request an extension of time to filed a response. Defendant did neither.

On February 11, 2025, Plaintiff filed its Motion for Entry of Default and Default Judgment (D.E. 69). On February 12, 2025, this Court entered a Minute Order regarding the pending Motion for Default with directions for Plaintiff to serve the Minute Order on all Defendants. (D.E. 70). On February 13, 2025, Plaintiff served all Defendants, including Defendant QD Ying Fans. (D.E. 73, Declaration of L. Pittaway attached hereto as Exhibit One, and Service email attached hereto as Exhibit Three). On February 20, 2025, without Defendant QD Ying Fans having appeared to oppose the Motion for Default, this Court entered a Final Default Judgment Order (D.E. 90).

On March 14, 2025, Defendant appeared through counsel and filed its Motion to Set Aside Default Judgment (D.E. 103, 104, 105). On March 24, 2025, Defendant filed its Amended

Motion to Set Aside Default Judgment (D.E. 108). In its Motion (D.E. 108), Defendant alleges that this Court does not have personal jurisdiction. (D.E. 108 at ¶1). Further into its Motion, Defendant alleges "improper service" and "Defendant's lack of knowledge" regarding the default. (D.E. 108 at p. 1).

## II. INTRODUCTION

This memorandum will address the two issues raised by Defendant in support of its request to vacate default judgment in this case. First, Defendant has not established that this Court does not have jurisdiction. Specifically, Defendant has admitted to the sale of an infringing product and admitted that it does not know where the sale was shipped to. As a result, Defendant's request for relief is at best unripe. Second, Defendant has known of and acted on this case since at least January 29, 2025, when Defendant's prior counsel initially contacted the undersigned's Firm. Defendant cannot now come into Court and deny having knowledge of the case to vacate default entered on February 12, 2025 and final judgment entered on February 20, 2025. This memorandum concludes that this Court should deny Defendant's Motion to Vacate. In the alternative, this Court should enter a stay until platform production confirms details of the sale or deny Defendant's Motion without prejudice.

## III. STANDARD OF LAW

"Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, order, or proceeding on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. It is well-established that Rule 60(b) relief 'is an extraordinary remedy and is granted only in exceptional circumstances'." *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). *See also Jones v. Phipps*, 39 F. 3d 158, 162 (7th Cir. 1994)("Rule 60(b)(1) provides that '[o]n a motion and upon such terms as are

just, the court may relieve a party ... from a final judgment, order, or proceeding' upon a showing of 'mistake, inadvertence, surprise, or excusable neglect.' Our review of district court orders denying this relief is exceedingly deferential and is limited to discerning whether the district court abused its discretion. Only if no reasonable person could agree with the district court's decision will it be disturbed.").

As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) "good cause" for vacating the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint. *Jones v. Phipps*, 39 F. 3d 158, 162 (7th Cir. 1994). This narrowness is achieved by interpreting the three-part standard in light of the language of Rule 60(b)(1) which, by its very terms, establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Id*.

In the instant case, Defendant has pled under Fed.R.Civ.P. 60(b)(4). (D.E. 108-5 at p. 4). Federal Rule of Civil Procedure 60(b)(4) permits a court to relieve a party from final judgment for the reason that the "judgment is void," which may be as a result of lack of personal jurisdiction. *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010). In its Motion, Defendant states two issues. First, Defendant admits that it was "involved in a U.S. sale," but does not disclose where the sale occurred or deny outright that the infringing product was shipped into the Northern District of Illinois. Second, Defendant states "improper service."

## IV. THIS COURT HAS JURISDICTION

Plaintiff has set forth a *prima facie* case for jurisdiction in Illinois within its Complaint alleging copyright violation against the Defendants identified in the Amended Schedule A,

including this Defendant, and accompanying evidentiary declarations [Doc. 1, ¶¶ 3-4, 16-21, 29-31; Doc. 9]. This Court already found sufficient evidence to support the entry of the temporary restraining order [Doc. 17] and default judgment [Doc. 90]. Jurisdiction is proper because the Defendant is committing tortious acts in Illinois, upon information and belief, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. [*Id.* at ¶¶ 3-4, 12-13]. Plaintiff has also pled jurisdiction by Rule 4(k)(2). (Doc. 1 at ¶4).

Ultimately, Defendant has not dispelled Plaintiff's prima facie case of jurisdiction in the Northern District of Illinois, nor identified where the proper venue would be under Rule 4(k)(2). Without the benefit of an evidentiary hearing, Plaintiff bears only the burden of making a prima facie case for personal jurisdiction. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (without the benefit of an evidentiary hearing, the plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

In support of its Motion to Vacate, Defendant has filed a supporting Declaration from its purported corporate representative, Zhai Anbang. (Doc. 108). The Declarant admits that Defendant made "a single sale of Product D (SKU No. I11ndleeewd4) on September 29, 2024." (D.E. 108 at ¶3(5)). This Declaration is accompanied by a number of business records supporting the Declarant's assertion that only a single sale was made. However, none of the business records identify where the infringing product was shipped to. Defendant even requests expedited discovery to determine where the product was shipped because it admittedly does not know where the product was shipped (D.E. 108-5 at p. 1). As a result, Defendant cannot show that this Court does not have jurisdiction, at least at this juncture. Indeed, if this Court were to grant

Defendant's Motion to Vacate, the platform production could later reflect that the product was shipped to the Northern District of Illinois. Not only would Defendant's Motion to Vacate have been based on improper assumptions, but Plaintiff would be irreparably harmed. In conclusion, all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. Defendant's inability to verify where an infringing product was shipped will not save it from judgment.

## V. DEFENDANT WAS DILATORY IN MOVING TO VACATE

Defendant was dilatory in moving to vacate the motion for default and therefore relief should not be granted. Defendant was served with Summons and Complaint on December 23, 2024. (See Declaration of L. Pittaway, attached hereto as Exh. One and Service Email, attached hereto as Exh. Two). On January 29, 2025, prior counsel for Defendant sent a notice of representation to the undersigned and engaged in resolution discussions. (See Ex. One). On February 13, 2025, Defendant was served with the Motion for Entry of Default and Final Judgment. (See Exh. One and Service Email, attached hereto as Exhibit Three). As is apparent, Defendant knew about the case, chose not to respond and then moved to vacate after default was entered. Defendant clearly had notice prior to the default being entered and relief should not be granted at this juncture.

## VI. SERVICE WAS PROPER

Plaintiff effectuated proper service on Defendant. Platform production reflects that Defendant maintained a registered email address of "YF19881215@outlook.com." (See Exh. One). It appears reasonable to associate the email address YF19881215@outlook.com with Defendant "QD YING FAN" because **Y**ing **F**an is consistent with the letters "**Y**" and "**F**" at the beginning of the email address **YF**19881215@outlook.com. Thus it would be reasonable to

assume that this email address remains active and utilized for correspondence between Defendant and Shein. (See Declaration of L. Pittaway at D.E. 15 at ¶¶ 13-15). In other words, Defendant likely would not have discontinued use of an email address maintained by Shein when it expects to continue doing business with Shein and having money accessible relative to that email address.

On December 23, 2024, Plaintiff served Defendants with the Summons, Complaint, Motion for Preliminary Injunction, proposed Order and Minute Order. (*See* Return of Summons (D.E. 26), Certificate of Service (D.E. 24), Declaration of L. Pittaway attached hereto as Exh. One, and Service Email attached hereto as Exhibit Two). As reflected in Plaintiff's Exhibit of the Service Email, Defendant's email address was included, and notification of the hearing on Plaintiff's Motion for Preliminary Injunction was made in bold, along with a website for posting.


Outlook

Service of Summons, Complaint (Doc. 1, 1-1), Motion for Preliminary Injunction (Doc. 22), proposed order, and Court Order (Doc. 23); Yiwu Baimei Electronic Commerce Co. v. The Partnerships; Case No. 24-cv-12074

From Lydia Pittaway <lpittaway@fordbanister.com>
Date Mon 12/23/2024 9:43 AM
To Lydia Pittaway <lpittaway@fordbanister.com>
Cc Ford Banister <ford@fordbanister.com>; Banister IP Enforcement <lawsuit@fordbanister.com>; Michael Stanley <mstanley@fordbanister.com>; Abegail Corpuz <clerk@fordbanister.com>
Bcc [redacted] YF19881215@outlook.com>; [redacted]

YF19881215@outlook.com>;

On February 13, 2025, Plaintiff served Defendant with the Motion for Entry of Default and Final Judgment. (D.E. 73). Again, the email service went to Defendant's registered email

address and Defendant had notice of the proceeding. (See Declaration of L. Pittaway attached hereto as Exh. One and Service Email, attached hereto as Exhibit Three).




Defendant asserts that "Plaintiff attempted service via email, but Defendant's owner—a Chinese national with no English proficiency— never received or reviewed the summons. Consequently, Defendant defaulted." (D.E. 108-5 at p. 2). However, Defendant does not deny that its email address registered with Shein is correct or that the service emails were sent as described above. Plaintiff respectfully submits that sometimes what is not said speaks higher volume than what is spoken. While Defendant could have provided this Court with Defendant's efforts to locate or identify any emails from Plaintiff, or disclosed the email address the Defendant maintains with Shein, Defendant did not. Defendant's attempt to merely deny receipt of the service emails is a knee jerk reaction to avoid a default judgment. Defendant was savvy and sophisticated enough to operate an online storefront with business in the United States and to retain counsel nearly a month prior to default being entered.

## VII. PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE

Plaintiff has submitted to the Court evidence of its copyright registration, as well as Defendant's listing for sale displaying Plaintiff's registered trademark. [Plaintiff's Registration at Doc. 1-1; Doc. 10 at p. 9; Plaintiff's Evidence at Doc. 10-5 at p. 75-78]. Notably, Defendant's Declaration of Zhai Anbang includes an exhibit attesting to the authenticity of Defendant's listing for sale. (*See* D.E. 108-1 at p. 5-6). Therefore there is no dispute regarding ownership and knowledge of the listing for sale. A side-by-side of Plaintiff's copyright image alongside the image displayed on Defendant's listing for sale is below.

**DEFENDANT'S LISTING FOR SALE**

*See Plaintiff's Evidence* at Doc. 10-5 at 75-78 and *Declaration of Z. Anbang* at D.E. 108-1 at 5-6.



**PLAINTIFF'S REGISTERED COPYRIGHT IMAGES**

(See Registration at D.E. 10 at 9, 13)





As is apparent, Defendant displayed, advertised and offered to sell utilizing Plaintiff's registered copyrights without authorization. This Court had sufficient facts before it to find that Plaintiff demonstrated a *prima facie* case to establish copyright liability in the Temporary Restraining Order, Preliminary Injunction, and Final Judgment Order. Notably, in its Motion to Vacate, Defendant did not present any substantive affirmative defense or evidentiary defense to challenge the substance of the Plaintiff's *prima facie* case and evidentiary submission. Therefore, it would appear that Defendant does not have any meritorious defenses should this Court set aside default.

## VII. CONCLUSION

In conclusion, Defendant fails to establish why this Court should grant relief to Defendant, provided Defendant's inexcusable delay seeking relief and/or asserting any alleged meritorious defenses. Significantly, Defendant fails to appreciate its own contribution to prolonging the resolution in this matter through unnecessary litigation and unsupported allegations. This Court should deny Defendant's Motion to Vacate.

Respectfully Submitted this 4th of April, 2025.

*/s/ Lydia Pittaway*
Attorney and Counselor at Law
Fla. Bar No.: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com