**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Yiwu Baimei Electronic Commerce Co., Ltd.**

Plaintiff,

v.

**The Partnerships and Unincorporated Associations Identified On Schedule A,**

Defendants.

Case No. 1:24-cv-12074

Hon. Lindsay C. Jenkins

## REPLY TO PLAINTIFF'S RESPONSE (ECF No. 117)

Defendant No. 80 QD YING FAN ("Defendant"), by and through undersigned counsel, respectfully submits this Reply to Plaintiff's Response (ECF No. 117) to Defendant's Motion to Vacate Default Judgment (ECF No. 105).

### I. PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANT'S ARGUMENTS WARRANTS WAIVER

Plaintiff's Response notably fail to engage with Defendant's core jurisdictional challenges, conceding their validity and sufficiency under Seventh Circuit and Supreme Court precedent.

Specifically, Plaintiff fails to address Defendant's argument **based on Plaintiff's own best-case scenario.** Defendant, acknowledging the uncertainty of where the product was shipped to, presented an alternative argument that **even assuming the sale occurred in Illinois**, personal jurisdiction would still be lacking due to the absence of purposeful availment (See Motion at 7-10). Plaintiff intentionally omits this critical context and instead mischaracterizes Defendant's

argument as unripe—a tactic that underscores the weakness of Plaintiff's position and attempts to mislead the Court.

**A. Waiver of Legal and Factual Arguments**

**1. Legal Arguments**

- Plaintiff disregards Defendant's central argument that even if the single sale occurred in Illinois (a fact not established), there was no purposeful availment by Defendant, as SHEIN exclusively controls all aspects of the sales process. (See Motion at 7-8) Unilateral actions by third parties are insufficient to establish such jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980).
- Plaintiff fails to address Defendant's reliance on *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987), which requires "additional conduct" beyond merely placing a product into the stream of commerce to establish jurisdiction. Plaintiff does not dispute Defendant's showing (Motion at 9–10) that no such additional conduct occurred.
- Plaintiff also ignores *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 866 (2011), in which the Court rejected jurisdiction over a foreign manufacturer whose products entered the forum state via an independent distributor. Defendant's single U.S. sale occurred through SHEIN's platform, where SHEIN independently controlled distribution, marketing, and fulfillment. Defendant acted solely as a product supplier in China. (See Motion at 10.)

**2. Factual Arguments**

Plaintiff does not contest the veracity of the facts in Defendant's sworn declarations and Motion, thereby waiving any challenge to the following uncontested and material facts:

- Defendant's absence of U.S. offices, employees, or targeted advertising (Declaration of Zhai Anbang ¶¶ 2–4).
- SHEIN's exclusive control within the platform, including pricing, marketing, sales, order fulfillment, and customer service; Defendant's role solely as a supplier in China (*Id.* ¶ 9).
- Defendant's lack of access to buyer data, customer identities or shipping details, as SHEIN exclusively handles all customer interactions and logistics (*Id.* ¶ 11).
- Only one accused product was ever sold in the United States (*Id.* ¶ 12).
- SHEIN has refused to disclose the U.S. shipping destination, meaning Defendant cannot confirm whether the product was shipped to Illinois or any other specific state. (*Id.* ¶ 14). As a result, SHEIN cannot be considered Defendant's agent (See Motion at 10).

Moreover, Plaintiff mischaracterizes the evidence by asserting that "Declarant admits that Defendant ***made*** 'a single sale of Product D (SKU No. I11ndleeewd4) on September 29, 2024.'" (emphasis added) (Response 5 ¶ 3) This interpretation is misleading. Defendant's declaration does not affirmatively state that Defendant itself sold the product directly into the U.S. Instead, it uses the passive construction: "only one unit of the accused product...has been sold in the United States." (Decl. ¶ 12.)

The context is clear: the sale was initiated and completed by SHEIN, which exclusively controlled the transaction. Defendant, operating solely as a backend supplier, had no role in marketing, processing, or directing that sale to any particular U.S. location. (Id. ¶ 9.)

Plaintiff's failure to address these factual assertions—and its attempt to distort Defendant's statements—further confirms the weakness of its jurisdictional claim and supports a finding of waiver.

B. **Waiver Result**

Under well-established Seventh Circuit precedent, a party's failure to substantively rebut a developed arguments results in waiver. See *United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991); *Martinez v. Colvin,* 12 CV 50016, 2014 U.S. Dist. LEXIS 41754, at 26-27 (N.D. Ill. Mar. 28, 2014). Plaintiff offers no meaningful response to Defendant's jurisdictional arguments—either as to the lack of purposeful availment or the insufficiency of contacts—even under Plaintiff's own best-case scenario.

Plaintiff's assertion that "Defendant has not dispelled Plaintiff's prima facie case of jurisdiction in the Northern District of Illinois" (Response at 5 ¶ 2) is nothing more than a conclusory statement. It does not engage with the legal standards or the specific facts presented by Defendant. Such perfunctory contradiction, without legal or factual analysis, constitutes waiver. *Martinez*, 2014 U.S. Dist. LEXIS 41754, at *27 ("[M]erely contradicting an opposing party's developed argument with a single, unsupported sentence is not an argument.").

In particular, Plaintiff fails to address Defendant's showing that—even assuming the sole sale occurred in Illinois—the transaction was executed entirely through the SHEIN platform, which operated independently and without any direction or control from Defendant. The absence of purposeful availment is therefore unrebutted.

Plaintiff's failure to contest these dispositive legal and factual points not only results in waiver but also underscores the weakness of Plaintiff's jurisdictional position. The Court should therefore vacate the default judgment as void for lack of personal jurisdiction.

## II. PLAINTIFF'S "UNRIPE" ARGUMENT DOES NOT HOLD WATER

Plaintiff argues "Defendant's request for relief is at best unripe" because "Defendant has admitted to the sale of an infringing product and admitted that it does not know where the sale

was shipped to." (Response at 3 ¶ 2) This argument misrepresents the record and fails for a fundamental reason: Plaintiff is unable to rebut Defendant's jurisdictional argument based on Plaintiff's own best-case scenario.

Contrary to Plaintiff's characterization, Defendant directly addressed the uncertainty regarding the shipment destination by expressly advancing an alternative argument that assumed, arguendo, the sale occurred in Illinois. (See Motion at 7–10.) That argument demonstrated that even under Plaintiff's most favorable facts, jurisdiction is still lacking due to the absence of purposeful availment. Plaintiff's attempt to frame this approach as "unripe" or "based on improper assumptions" is not only incorrect—it is misleading.

1. **Defendant's Evidence Narrows the Jurisdictional Possibilities**

While Plaintiff need only make a *prima facie* showing for personal jurisdiction absent a hearing, courts must weigh conflicting affidavits. C*urry v. Revolution Lab'ys*, 949 F.3d 385, 392–93 (7th Cir. 2020). Here, Defendant's uncontested evidence sufficiently establishes the following:

- there was only one U.S. sale of the accused product, which was processed and fulfilled entirely by SHEIN. (Declaration of Zhai Anbang ¶ 11).
- Defendant had no control over the destination of the product and no access to buyer data. (*Id.* ¶¶ 10–11).

As such, Defendant's evidence narrows the jurisdictional possibilities to just two scenarios: (1) the single sale occurred in Illinois; or (2) it occurred elsewhere in the United States. Defendant addressed both possibilities and demonstrated that jurisdiction is lacking under either. Plaintiff has failed to rebut this showing and instead relies on a mischaracterization of Defendant's argument to avoid the core legal issue.

**2. Even Assuming Plaintiff's Best-Case Scenario, Illinois Lacks Jurisdiction**

For the Court's convenience, Defendant incorporates by reference the arguments set forth in Section I. A ("Waiver of Legal and Factual Arguments") and briefly reiterates the relevant points here.

Even if the Court accepts Plaintiff's best-case scenario—that the single sale occurred in Illinois—jurisdiction still fails. Jurisdiction requires more than a mere sale; it requires purposeful availment of the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). Here, Defendant did not purposefully direct any conduct toward Illinois. The sale was made through the SHEIN platform,which retained full control over storefront operations, pricing, marketing, order processing, shipping, and customer service. Defendant served solely as a supplier in China and had no control over where the product was marketed or shipped. (See Declaration of Zhai Anbang ¶¶ 9–11).

This arrangement—analogous to a supplier-retailer relationship rather than a principal-agent relationship—does not satisfy the purposeful availment requirement necessary to support specific jurisdiction.

Moreover, the Supreme Court has made clear that merely placing a product into the stream of commerce, without additional conduct directed at the forum state, is insufficient to establish jurisdiction. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). Defendant's role ended at product delivery in China. It had no involvement in marketing, sales, or shipping decisions. Defendant's conduct falls squarely within the stream of commerce theory that courts have consistently found inadequate for establishing personal jurisdiction.

Plaintiff's contention that the Motion is "unripe" due to uncertainty about the shipping destination is meritless. Defendant expressly addressed both potential scenarios in the Motion—

including Plaintiff's most favorable one—and demonstrated that jurisdiction fails under either. Notably, Plaintiff does not substantively respond to Defendant's argument under their best-case scenario. This silence constitutes waiver and concedes the argument's legal sufficiency.

Accordingly, Plaintiff's "unripe" theory fails to rebut Defendant's jurisdictional challenge and should be rejected.

## III. NO PURPOSEFUL AVAILMENT IN THE U.S., RULE 4(k)(2) FAILS

Plaintiff asserts that "Plaintiff has also pled jurisdiction by Rule 4(k)(2)." and "nor [Defendant] identified where the proper venue would be under Rule 4(k)(2)." (Response at 5) However, Plaintiff's reliance on Rule 4(k)(2) to establish personal jurisdiction is fundamentally flawed. The analysis under Rule 4(k)(2) mirrors the jurisdictional inquiry assuming, arguendo, that the single sale occurred in Illinois. **Because there is only one sale in the entire United States, and even that sale—assuming it occurred in Illinois—involved no purposeful availment, there is necessarily no purposeful availment of the U.S. as a whole.**

### A. Aggregate U.S. Contacts Are Constitutionally Insufficient

Rule 4(k)(2) requires that a defendant's aggregate contacts with the United States satisfy the the minimum contacts requirement of due process. *Central States, SE & SW Areas Pension Fund v. Reimer Express*, 230 F.3d 934, 940 (7th Cir. 2000). Defendant's attenuated contact—merely supplying goods to SHEIN in China—does not satisfy this requirement.

#### 1. No Intentional Targeting of the U.S. Market

Defendant's role was limited to supplying products to SHEIN in China under its "Full Custody" model, where SHEIN controlled all aspects of marketing, sales, shipping, and customer engagement. At most, Defendant could foresee that products might reach the United States—but foreseeability alone is insufficient. The Supreme Court has made clear that jurisdiction "requires

**forum-specific targeting**, not mere foreseeability". *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011).

Jurisdiction cannot be based on the unilateral conduct of a third party. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). SHEIN's decisions regarding U.S. sales—including any decision to ship to U.S. customers—cannot be imputed to Defendant. The absence of intent is further confirmed by Defendant's lack of access to customer information, SHEIN's refusal to disclose that data, and Defendant's total lack of control over storefront operations.

2. **One Passive Sale Nationwide**

Even assuming the single sale occurred somewhere in the United States, this solitary, SHEIN-controlled transaction cannot support jurisdiction. It was a passive sale, devoid of any "additional conduct" suggesting Defendant targeted the U.S. market. *Nicastro*, 564 U.S. at 886.

Courts consistently reject jurisdiction based on a solitary, incidental sale through a third-party platform, especially when the seller has no control over the product's distribution or the customer identity. See *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) (holding that a single eBay sale did not establish jurisdiction); *Hangzhou Chic Intelligent Tech. Co. v. Partnerships*, 2022 WL 2293812, at 3 (N.D. Ill. June 21, 2022) (one Illinois sale via a platform insufficient).

**B. Jurisdiction Offends Fair Play and Substantial Justice**

Even assuming arguendo that minimum contacts exist (which they do not), forcing Defendant—a foreign supplier with no U.S. presence—to litigate in this forum would violate the principles of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295-96 (1980).

1. **Undue Burden on Defendant**

Defendant is a Chinese entity that does not operate, advertise, or conduct business in the United States. Imposing the burden of litigating in Illinois or any other U.S. jurisdiction would be disproportionately burdensome and constitutionally unfair. See *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987) (emphasizing that the reasonableness of jurisdiction must consider the burden on the defendant).

2. **Lack of Forum State Interest**

Illinois, or any other U.S. jurisdiction, has no legitimate interest in adjudicating a case involving a foreign supplier with no direct connections to the forum, especially when the transaction at issue was exclusively managed and controlled by a third party (SHEIN). Any potential interest in protecting a local consumer is outweighed by the burden on the foreign Defendant.

In sum, Rule 4(k)(2) cannot be invoked to establish jurisdiction over Defendant because the random, attenuated and passive nature of the contact, controlled entirely by SHEIN, does not rise to the level required to satisfy due process. The exercise of jurisdiction would therefore violate constitutional principles, rendering Plaintiff's argument meritless.

**IV. PLAINTIFF'S ARGUMENTS UNDER RULE 60(b)(1) ARE IRRELEVANT TO MOTION UNDER RULE 60(b)(4)**

Plaintiff's arguments (section V through VII, Response, at 6-10) pertain to Rule 60(b)(1) but not Rule 60(b)(4), under which Defendant files the Motion. Plaintiff improperly focuses on alleged delay, service of process, and the merits of the underlying infringement claim to argue that Defendant cannot invoke Rule 60(b)(1). These points do not impact the core issue: the jurisdictional voidness of the default judgment.

### 1. Rule 60(b)(4) Challenges Are Not Time-Barred

A motion to vacate a void judgment under Rule 60(b)(4) can be made "at any time." *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011). Plaintiff's contention that Defendant's motion is untimely is legally baseless. A void judgment is treated as a nullity, and the passage of time does not make it valid. Since the Court lacked personal jurisdiction when entering the default judgment, denying the motion would be a *per se* abuse of discretion. *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010).

### 2. Service Issues Are Irrelevant to Jurisdiction

Plaintiff's argument that proper service bars the challenge to the default judgment is equally misplaced. Service of process, even if properly executed, does not establish personal jurisdiction where none exists. A judgment rendered without jurisdiction remains void regardless of whether procedural requirements were met. *World-Wide Volkswagen*, 444 U.S. at 291. Whether Defendant received notice does not change the fact that jurisdiction was lacking from the outset.

### 3. Infringement Merits Do Not Cure Jurisdictional Defect

Plaintiff also improperly argues that Defendant lacks a meritorious defense by discussing the merits of the alleged infringement. This argument confuses the issues. In a Rule 60(b)(4) motion, the central question is whether the judgment itself is void for lack of jurisdiction—not the substantive merits of the case. The validity of Plaintiff's infringement claims is irrelevant when the Court lacks jurisdiction to adjudicate the dispute in the first place. *Philos Techs.*, 645 F.3d at 857.

In sum, Plaintiff's arguments under Rule 60(b)(1) fail to address the core issue: the jurisdictional voidness of the default judgment. Neither delay, proper service, nor the merits of the infringement claim can cure the absence of personal jurisdiction.

## V. CONCLUSION

For the reasons stated above and in the Defendant's Motion, Defendant respectfully renews its request to vacate the default judgment as void pursuant to Rule 60(b)(4).

Dated: April 10, 2025

Respectfully submitted,

/s/ *Qin Zhuang*
Qin Zhuang
Beijing Yunting Law Firm
16-18th Floor, Ruisai Building
126 Jianguo Road, Chaoyang
Beijing, PRC 100022
0086-155-1009-0593
zhuangqin@yuntinglaw.com
***Counsel for QD YING FAN***

**CERTIFICATE OF SERVICE**

On April 10, 2025, I filed the foregoing document with the clerk of Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF System, which will send notification of said filing to all counsel of record.

/s/ *Qin Zhuang*

Qin Zhuang