**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| **Yiwu Baimei Electronic Commerce Co., Ltd,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**The Partnerships And Unincorporated Associations Identified On Schedule A,**<br><br>**Defendant.** | **Case No. 1:24-CV-12074**<br><br>**Honorable Judge Lindsay C. Jenkins**<br>**Magistrate Judge Jeffrey T. Gilbert** |

**DEFENDANT ELANA'S REPLY IN SUPPORT OF ITS MOTION TO VACATE PARTIAL DEFAULT JUDGMENT**

Defendant Elana Jewelry Box ("Defendant" or "Elana"), by and through the undesigned counsel and in support of its Motion to Vacate Partial Default Judgment (Dkt. 114, "the Motion to Vacate"), respectfully submits the following reply to Plaintiff's Response in Opposition to Defendant (No.12) Elana Jewelry Box's Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 124, "the Response").

## I. DEFENDANT HAS DEMONSTRATED GOOD CAUSE UNDER THE RULE 60(b) STANDARD

### A. Plaintiff Failed to Explain How Elana's Default Was Not Inadvertent.

In the Response, Plaintiff emphasized that its counsels had, via email, served summons and other legal documents to Elana. All pertaining facts provided in the Response could only support Plaintiff's assertion that it has duly served Elana, but Plaintiff has completely failed to rebut how the default of Elana, a Chinese e-commerce seller misled and deceived by an unlicensed Chinese agent, was not inadvertent. The requirement for relief under FRCP Rule 60(b) looks at whether the default was inadvertent, not whether service was effectuated.

Although Elana had one prior encounter of similar notice in 2023 as previously admitted (Dkt.114-2 ¶7)[1], the same Chinese consulting company quickly settled that case for Elana before any attorney filed appearance to the Court. That particular incident was insufficient to familiarize Elana with the sophisticated U.S. court processes and procedures. *See* Chen Decl. ¶7. On the contrary, it exposes the current issue of lack of legal representation for Schedule A Defendants. *Id.* Without being counseled, most Defendants were pressured and misled into settling with the Plaintiffs under the pressure of asset restraints and listing suppressions. *Id.* In addition, Plaintiff's counsel also contributed into misleading Defendant by offering to settle the case yet failing to finalize its terms.

Although Defendant is not challenging improper service, it is worth noting that all of the email notices sent by the Plaintiff and attachments therewith were solely provided in English, without any proper Chinese translation, which would have been provided by a service under the Hague Convention. It is further worth noting that, although Plaintiff and Defendant are located in the same country and even the same city, Plaintiff nevertheless chose to apply for alternative service, alleging difficulties in locating Defendant.

### B. Conduct of a Chinese Agent, who Was Not an Attorney Qualified to Practice U.S. Law, Cannot Be Imputed to Elana

Plaintiff argued that the conduct of one's lawyer should be imputed to the client, and the remedy for the client is malpractice litigation against the wrongdoer. Dkt. No.124 at 5. However, the legal authorities cited by Plaintiff were inapplicable to this case because Elana had not been represented by any qualified attorney prior to the entry of default judgment.

Plaintiff did not dispute the fact that Fuzi was an unqualified Chinese agent, who cannot be expected to have the same level of knowledge of and familiarity with the U.S. court system

[1] Plaintiff falsely accused Defendant for not disclosing prior involvement in another "Schedule A" case in 2023. In fact, Defendant properly disclosed that Defendant received a similar notice in 2023 in the declaration.

and legal proceedings as a reasonably competent attorney licensed to practice in the U.S. Fuzi also misrepresented to Elana that they had retained a U.S. qualified attorney to negotiate on behalf of Elana but refused to provide any identifiable information of the said attorney. Even after Elana terminated Fuzi and asked for full settlement negotiation records, Fuzi only produced partial records with "attorney" information redacted. *See* Chen Declaration ¶11

As confirmed by Plaintiff's attorney, two attorneys allegedly approached Plaintiff on behalf of Elana from the following email address: njzy@zhhlawfirm.com and wnguyen@nilawfirm.com. See Exhibit 1 – Plaintiff's Email Confirmation. Upon further investigation, Defendant found out that the "attorney" leading the settlement negotiation via email njzy@zhhlawfirm.com was not a U.S. qualified attorney, while the second email belongs to a qualified attorney who did not reach out to Plaintiff until March 28, 2025. Exhibit 2 – Communication Records.

The email address of njzy@zhhlawfirm.com was exclusively linked to a Chinese company named Nanjing Zhouyu Legal Consulting Co., Ltd ("NJZY"). Exhibit 3 - NJZY Search Result. It is not a law firm registered in the United States and does not appear to have hired any U.S. qualified attorneys to handle U.S. legal matters. However, it chose to take a domain name to fake itself as a law firm to conduct unauthorized practices of law.

This is not a case where an attorney irresponsibly made a procedural mistake. Neither Fuzi nor NJZY can be held accountable as a U.S. lawyer or law firm. Elana has had no legal representation prior to the entry of default judgment. Elana was simply scammed. Imputation of attorneys' conducts to their clients only applies when attorneys were engaged so that malpractice is an alternative remedy to layman clients. None of the cases presented by Plaintiff could support a contrary interpretation that would impute the error of one layman to another, especially when Defendant was a victim of a scam.

In addition, this case exposed a critical issue commonly seen in "Schedule A" cases –

the lack of access to reliable U.S. legal representation. *See* Chen Decl. ¶7. Service by email provided an expedited solution for the Plaintiff at the sacrifice of foreign defendants' due process right. More importantly, the *ex-parte* injunctive relieves commonly granted in these cases often force defendants, with limited understanding of English and no knowledge of the U.S. legal system, to rush into a decision to retain at least some one to help them. That often leads to local unqualified agents who appeared to be knowledgeable. In addition, the fact that many Schedule A Plaintiff actually favors settlement offers from unlicensed and unauthorized persons made this situation worse. As a result, Schedule A defendants are often deceived and misled by unlicensed scammers, and this District has routinely supported defendants' motion to vacate default judgment in similar situations. *See e.g., JH v. The Partnerships and Unincorporated Associations Identified on Schedule A,* N.D. Ill. 1:24-cv-07758 at Dkt. 99. (Granting Motion to Vacate Default Judgment to Defendant misled by the same Chinese agency "fuzi"); *See also Dyson v. The Partnerships and Associations Identified in Schedule A*, N.D. Ill. 1:24-cv-06170 at Dkt. 102. (Granting Motion to Vacate Default Judgment to Defendant misled by a Chinese agency called "Moting Cross-Border"); *See also Dyson Technology Limited v. The Partnerships and Unincorporated Associations Identified on Schedule A*, N.D. Ill. 1:25-cv-00429 at Dkt. 44. (Finding good cause for Defendant who showed that the Defendant was misled by a Chinese Agency, Denying Motion for Default Judgment)

**C. Plaintiff Continuously Engaged in Settlement Negotiation with an Unqualified Agent Even After the Entry of Partial Default Judgment, Which Also Caused the Excusable Delay.**

In the Response, Plaintiff blamed Elana for the delay in hiring of a U.S. counsel to appear in the matter, without confessing its own misconducts and/or omissions that led to Elana's delay in retaining U.S. legal representation.

Despite Plaintiff's advice to all defendants that "you seek U.S. legal counsel to assist

you in this Lawsuit" (Dkt. No.12-2 at 4), Plaintiff's attorney, who is in a better position and more equipped to verify attorney qualifications, continuously engaged in "settlement negotiation" with the unqualified agent retained by Elana, giving Elana false hope that they would reach agreement via this agent without the need to retain U.S. legal counsel.

For example, on January 21, 2025, Plaintiff made a "final" settlement offer of $5,000 to the unqualified agent at njzy@zhhlawfirm.com. See Exhibit B – Settlement Negotiation Record. On February 21, 2025, after the Court's issuance of partial default judgment, Plaintiff still engaged in pretentious settlement negotiations with this unqualified agent, insisting on a settlement offer at $5,000, as if they genuinely intended to settle this matter amicably. *Id.* NJZY, through Fuzi, occasionally and selectively reported the progress of negotiation to Elana, with Plaintiff's email attached, to assure Elana that they would soon reach a settlement agreement and dismiss Elana from the case. *See* Declaration ¶9. In fact, the unqualified agent repeatedly asked Plaintiff's Counsel to send over a settlement agreement since Elana accepted the $5,000 settlement. See Exhibit B

With due diligence and quick investigation, Plaintiff should have found out that they were negotiating with an unlicensed agent who could not competently represent Elana for this legal matter. Plaintiff must have and should have anticipated that Elana would default as long as Plaintiff could prolong the negotiation process until the entry of a default judgment. It would be grossly unfair for Plaintiff to deprive Elana of any opportunity to litigate the merit of this case with its tactical delay in settlement negotiations.

## II. DEFENDANT HAS PRESENTED MERITORIOUS DEFENSES

In the Response, Plaintiff has acknowledged that Defendant has presented an innocent infringement defense in the Motion to Vacate. Dkt. No.124 at 7-8 ("[Defendant] also claims innocent infringement because of its reliance upon distributor."). Despite its rhetoric, Plaintiff did not actually challenge whether Defendant has presented any defenses but only challenged

how the defenses were presented and whether sufficient facts and evidence were sufficient to support Defendant's defense. Defendant could elaborate this defense with more facts and details in an answer and upon conclusion of discovery, but a full-fledged defense with a full chain of supporting evidence is not necessary for the purpose of vacating a default judgment.

Plaintiff's construction of Defendant's defenses for the Motion to Vacate purpose imposes a burden on Defendant beyond presentment of a meritorious defense, which contradicts the Seventh Circuit's well-established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).

Plaintiff also evaded a more salient meritorious defense raised in the Motion to Vacate: whether the default judgment was so disproportionate to its wrong that it would afford good cause for judicial action. Plaintiff completely fails to elaborate on how the default judgment of $150,000, even assuming statutory damage applies, was justifiable when the accused product only generated $10,295.70 in revenue and only approximately $4452.12 in net proceeds. Challenge of the damage amount is also a meritorious defense that warrants the vacation of default judgment. *See, e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (vacating the award of damages while affirming the entry of default).

In short, Plaintiff is barred from asserting that Defendant had presented no meritorious defenses merely because there are factual and evidentiary disputes over Elana's meritorious defenses.

## III. PLAINTIFF HAS NOT ESTABLISHED A PRIMA FACIE CASE FOR WILLFUL INFRINGEMENT AND THUS NOT ENTITLED TO MAXIMUM STATUTORY DAMAGES

In the Motion to Vacate, Defendant only challenged Plaintiff's prima facie case of willful copyright infringement, not the innocent copyright infringement claim that Defendant has conceded. The subtle difference is significant because the statutory minimum for an

innocent infringer is $200 while the statutory maximum in the case of willful infringement is $150,000. 17 U.S.C. § 504(c)(2). Plaintiff's theory of willful infringement is the basis for granting $150,000 in default judgment.

Defendant's argument in the Motion to Vacate was that Plaintiff had not alleged sufficient and specific facts to demonstrate willful infringement any submissions filed prior to the entry of default judgment. Dkt. No. 114 at 7 ("Plaintiff has not demonstrated that Defendant willfully infringed any intellectual property. Plaintiff's Complaint makes no specific factual allegations showing that Defendant acted with knowledge or reckless disregard of Plaintiff's rights.") Instead of pointing to any specific allegations or evidence in prior submissions that could rebut this argument, Plaintiff only referred to its copyright registrations, alleged registered trademark irrelevant to this lawsuit, and the listing of Accused Products, none of which has any bearing on Defendant's willfulness.

Plaintiff has confused Plaintiff's burden of proving a prima facie case for willful infringement and Defendant's burdens to prove innocent infringement as a defense, misleadingly or unintentionally. In the Response, Plaintiff has failed to reference any specific allegations made in earlier submissions that could show Elana's willfulness but instead, attempted to wrongfully shift the burden of persuasion to Defendant on the issue of willful infringement.

For the foregoing reasons, the Response fails to rebut Defendant's argument that Plaintiff had failed to allege sufficient facts to support its claim of willful infringement when seeking the ceiling amount of statutory damages.

## IV. CONCLUSION

In conclusion, Plaintiff's Response failed to adequately refute Defendant's Motion to Vacate.

**WHEREFORE**, for the foregoing reasons, Defendant Elana respectfully requests that the Court grant its Motion to Vacate Default Judgment, directs Plaintiff to return the enforced funds to Amazon, and allow Defendant 14 days to file a responsive pleading following the Court's ruling.

Dated: April 21, 2025

Respectfully submitted,

*/s/ Zhongyi Huang*
Zhongyi Huang, Esq.
NY#5781620
YoungZeal LLP
30 Wall St, Floor 8, 10005
Tel: 702.604.1535
Huang@yzlaw.com

*/s/ Shaoyi Che*
Shaoyi Che
TX# 24139843
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
che@yzlaw.com

**ATTORNEYS FOR DEFENDANT ELANA**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: *<u>/s/ Shaoyi Che</u>*
Shaoyi Che