**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd.,<br>a Chinese Limited Corporation<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships And<br>Unincorporated Associations<br>Identified On Schedule "A"<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case: 24-cv-12074<br><br>Judge: Lindsay C. Jenkins<br><br>Mag. Judge: Jeannice W. Appenteng |

**PLAINTIFF'S RESPONSE TO DEFENDANT (NO. 71) DUOSHENG'S MOTION TO VACATE (D.E. 155)**

Plaintiff, Yiwu Baimei Electronic Commerce Co., Ltd., files this Response to Defendant DUOSHENG's Motion to Vacate (D.E. 155). Plaintiff respectfully submits that supplemental production from the platform Shein reflects sales by Defendant Duosheng to addresses (Macon, Georgia) and (Bonifay, Florida), located within the Middle District of Georgia or the Northern District of Florida, respectively. Plaintiff requests for this Court to transfer this case to the Northern District of Florida. As grounds, Plaintiff states:

1. On November 22, 2024 [Doc. 1], Plaintiff filed its Complaint to combat the willful and intentional infringement of its federally registered Copyright Registrations Nos. VA 2-270-357, VA 2-270-532, VA 2-270-548, VA 2-270-545, VA 2-270-544, VA 2-270-547, VA 2-270-546, VA 2-265-759 (hereinafter referred to collectively as "the Hollow Halloween Works"). Notably, Plaintiff pled alternate jurisdiction under Fed.R.Civ.P. 4(k)(2). [Doc. 1 at ¶4].

2. On November 26, 2024, Plaintiff filed a motion for entry of an ex parte temporary restraining order, including a temporary injunction and temporary asset restraint enjoining the display, distribution, offering for sale, and use of the Hollow Halloween Works Images [Doc. 15]. Plaintiff also filed a motion for alternate service [Doc. 14] and expedited discovery [Doc. 13].

3. On December 3, 2024, this Court granted Plaintiff's motion for expedited discovery, motion for alternate service, and motion for temporary restraining order [Doc. 17].

4. On December 10, 2024, Plaintiff moved to extend the TRO for fourteen days. [Doc. 19].

5. On December 11, 2024, this Court granted Plaintiff's motion to extend the TRO through December 31, 2024. [Doc. 20].

6. On December 19, 2024, Plaintiff filed its Motion for Preliminary Injunction. [Doc. 22].

7. On December 23, 2024, Plaintiff filed its Return of Summons as to Defendant DUOSHENG. [Doc. 26].

8. On February 11, 2025, Plaintiff filed its Motion for Entry of Default and Final Judgment as to Defaulting Defendants, including Defendant DOUSHENG. [Doc. 69].

9. On February 12, 2025, this Court entered default as to Defendant DUOSHENG. [Doc. 70].

10. On February 20, 2025, and without objection, this Court entered Partial Default Judgment, as to Defaulting Defendants, including Defendant DUOSHENG. [Doc. 90].

11. On May 17, 2025, Defendant DUOSHENG filed its Motion to Vacate default. [Doc. 155].

12. On May 15, 2025, this Court entered a Preliminary Injunction. [Doc. 152].

13. On May 19, 2025, this Court entered a Minute Order: "Plaintiff's response to the motion to vacate as to defendant Duosheng is due by June 2, 2025 and any reply is due by June 9, 2025." [Doc. 157].

14. In response to Plaintiff's request, the platform Shein has provided supplemental production for Defendant DUOSHENG reflecting that two units of the infringing products were sold and shipped to consumers in Bonifay, Florida and in Macon, Georgia. (*See* Declaration of L. Pittaway, attached hereto as Exhibit One). The number of units sold reported by Shein is consistent with Defendant's representations in its Motion to Vacate. [Doc. 155 at p. 6-7].

15. The undersigned attempted to confer regarding Defendant's position on the instant motion, however the undersigned has not received Defendant's position. Plaintiff thus presumes that the instant motion is opposed.

## MEMORANDUM OF LAW

### I. INTRODUCTION

This memorandum will discuss why this Court should transfer the case against Defendant DUOSHENG to one of the jurisdictions where Defendant had its infringing item shipped, specifically the Northern District of Florida. Plaintiff will explain why, in the interests of judicial efficiency and also of prejudice to Plaintiff, this Court should transfer the case rather than vacate Defendant's default. Indeed, Plaintiff pled alternate jurisdiction under Fed.R.Civ.P. 4(k)(2) in its Complaint and Defendant has shipping infringing products to the Northern District of Florida.

### II. STANDARD OF LAW

Section 1631 of Chapter 28 to the U.S. Code provides several mechanisms by which a case can be transferred from one district court to another:

> Whenever a civil action is filed in a court as defined in section 610 of this title…is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court…in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The Seventh Circuit has found that "[Section] 1631's reference to "jurisdiction" includes both subject matter and personal jurisdiction." *North v. Ubiquity, Inc.*, 72 F.4th 221, 227 (7th Cir. 2023). In addition, "[s]ince the term 'interests of justice' is vague, district courts have a good deal of discretion in deciding whether to transfer a case." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). "A court is authorized to consider the consequences of transfer before deciding whether to transfer." *Id.* (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). The court just should not transfer a case that is a "sure loser." *Id.* at 611. "[T]he court can take a peek at the merits, since whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it. It may seem paradoxical to suggest that a court that lacks jurisdiction over a case can examine the merits of the case. But the paradox dissolves when we remind ourselves that Congress in 28 U.S.C. § 1631 has conferred jurisdiction on federal district courts to decide whether to transfer or dismiss cases over which they lack jurisdiction to adjudicate fully. The limited jurisdiction that has been conferred creates a power of limited review of the merits." *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999).

Additional statutory support for transfer is provided by 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

**`III. ARGUMENT**

In this case, regardless of whether or not jurisdiction exists in the Northern District of Illinois, the interests of justice demand that this case be transferred to the Northern District of Florida. Additionally, the interests of justice will be served by a transfer because the case will proceed as though it had been originally brought in the Northern District of Florida, rather than refiled there as a new case. See 28 U.S. Code § 1631. As presented in *Phillips v. Seiter*, 173 F.3d at 610, this Court has a "good deal of discretion" when analyzing the interests of justice and deciding whether to transfer a case and "is authorized to consider the consequences of transfer" when making its decision.

In this case, the interests of justice will be served by transfer to the Northern District of Florida. There is no dispute as to jurisdiction in the Northern District of Florida because the platform has confirmed shipping to Bonifay, Florida. No harm or prejudice would be done to Defendant by a transfer because the case will proceed as if it had been filed in the Northern District of Florida from the start. See 28 U.S. Code § 1631. The interests of justice will be better served by a transfer than a refiling in the Northern District of Florida. A transfer will obviate the need to serve Defendant a second time. Furthermore, the status quo will be preserved by a transfer, including the restraint of Defendant's assets granted by the temporary restraining order [Doc. 15] and preliminary injunction [Doc. 152]. *See Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 121–22 (2d Cir. 2023)(citing *Christianson v. Colt Indus. Operating Corp*. at 815-16, 108 S.Ct. 2166)("On the other hand, a transferred case is not exactly the same as a newly filed action in the transferee district. Parties in transferred cases, for example, need not redo certain actions required of plaintiffs filing new cases, such as filing a new complaint or serving new process on defendants, and law of the case principles apply in transferred cases.") (internal citation omitted)

Here, Defendant may argue that it may be harmed by a transfer because assets frozen pursuant to the preliminary injunction order in this case would remain unavailable to it. However, Defendant can make the same arguments and bring the same motions in Florida as it can here in Illinois. No prejudice will fall upon Defendant. By the same token, Plaintiff would be highly prejudiced by a refiling of this action in Florida. Refiling of this case anew, as opposed to transfer, will almost certainly lead to additional litigation before this court for the return of funds collected pursuant to the final judgment order entered in this case against Defendant while Plaintiff seek temporary injunctive relief before a court located in the Northern District of Florida, thus needlessly multiplying the proceedings, imposing costs on all parties and courts in both districts. Should such relief ultimately be granted by this Court, the result could allow an infringer to abscond with assets previously frozen by the preliminary injunction order entered in this case, leaving Plaintiff without recourse. However, transfer of this case will allow a continuation of proceedings as to the Defendant and a preservation of the status quo, as discussed in *Kaplan v. Bank Saderat PLC*.

In addition, the interests of justice will be served by transfer because the merits of Plaintiff's case suggests it will prevail when litigated in the proper forum. This is not the "sure loser" as contemplated by the opinion of *Phillips v. Seiter*, 173 F.3d at 610. This court has already taken a "peek at the merits," as contemplated by *Phillips v. Seiter*, and twice granted injunctive relief based on a likelihood of success on the merits, as well as final judgment. Notably, in none of its filings does Defendant contest the merits of Plaintiff's claims, deny that it is properly held liable for the violation of Plaintiff's intellectual property rights or otherwise suggest that it has a meritorious defense.

**VI. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendant DUOSHENG's motion to vacate. Plaintiff additionally requests that the Court transfer this matter to the Northern District of Florida for further proceedings pursuant to 28 U.S. Code § 1631 and 28 U.S.C. § 1404(a).

Respectfully submitted this 2nd of June, 2025.

/s/ Lydia Pittaway
Bar No. 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: lpittaway@fordbanister.com
*Attorney for Plaintiff*