**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Yiwu Baimei Electronic Commerce Co., Ltd.**

Plaintiff,

v.

**The Partnerships and Unincorporated Associations Identified On Schedule A,**

Defendants.

Case No. 1:24-cv-12074

Hon. Lindsay C. Jenkins

**DEFENDANT DUOSHENG'S REPLY TO PLAINTIFF'S RESPONSE**

Defendant No. 71 Duosheng ("Defendant") respectfully submits this Reply in opposition to Plaintiff's Response, effectively a motion to transfer the action (Dkt. 161) and in further support of its Motion to Vacate the Default Judgment (Dkt. 155).

**INTRODUCTION**

This Court has no personal jurisdiction over Defendant. Plaintiff effectively concedes this point by now requesting transfer to the Northern District of Florida, see Pl.'s Resp. 1 (Dkt. 161). Because the Court lacked personal jurisdiction, the default judgment is void *ab initio* and must be vacated. A void judgment is a legal nullity that "must be vacated" before any further action is considered. Once the judgment is vacated, dismissal—not transfer—is the appropriate remedy because Plaintiff has ample time to refile in a proper forum and thus has failed to show any compelling reason that transfer would serve the interests of justice.

**I. The Default Judgment Is Void and Must Be Vacated**

This Court lacks personal jurisdiction over Defendant, and Plaintiff does not argue otherwise. Plaintiff's Response acknowledges "sales in Bonifay, Florida and Macon, Georgia," but none in Illinois, thereby admitting the absence of Illinois contacts.

Because a judgment entered without personal jurisdiction is void, it must be vacated under Fed. R. Civ. P. 60(b)(4). See *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) ("if the district court lacked personal jurisdiction over the defendant at the time it entered the default judgment, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that judgment"); *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011) (a motion under Rule 60(b)(4) for lack of jurisdiction is not subject to a timeliness requirement); *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016). Accord *Mueller v. Guardian Life Ins. Co.*, 143 F.3d 414, 416 (8th Cir. 1998) (void judgments are "legal nullities").

Accordingly, the default judgment (Dkt. 90) is void *ab initio* and must be vacated as a matter of law.

**II. Transfer Is Not Appropriate Under § 1631 or § 1404(a)**

Plaintiff seeks to transfer this action—after securing a default judgment in a forum lacking personal jurisdiction. Transfer under 28 U.S.C. §§ 1631 or 1404(a) is discretionary and warranted only when the "interest of justice" compels it. Here, it plainly does not.

**A. Transfer Requires Vacatur First, and Plaintiff's Conduct Undermines Any Equitable Justification**

**A court cannot transfer a closed case.** Because a default judgment already stands, this matter cannot be transferred unless the judgment is first vacated. §§ 1631 and 1404(a) apply only to an open "civil action." See *North v. Ubiquity, Inc.*, 72 F.4th 221, 224 (7th Cir. 2023) (district

court first vacated the default judgment and then dismissed for lack of personal jurisdiction) . See also *Zerzry v. United States*, 958 F.3d 703, 710 (8th Cir. 2020) (transfer considered only after action reopened, further supporting that transfer follows vacatur.).

**Even after vacatur, transfer under § 1631 is not automatic.** Section 1631 requires a court to consider whether transfer—as opposed to dismissal—would serve the interest of justice under the particular circumstances. *North*, 72 F.4th at 228–29. As the Seventh Circuit made clear, courts must examine factors such as whether the plaintiff faces a genuine time bar, whether the underlying claim has merit, and whether the plaintiff's conduct weighs for or against equitable relief. See *Id.*; *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999). The burden is on Plaintiff to demonstrate that justice favors transfer.

However, **no limitations bar exists in this case.** *Phillips* explained that **a "compelling reason for transfer" arises only when the plaintiff would otherwise be "time-barred if his case is dismissed**." *Id.* at 610. *North* reiterated the rule: "*If a plaintiff may, on its own, refile its case in a proper forum, 'the interests of justice' do not demand transfer.*" **72 F.4th at 228** (quoting *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, **948 F.3d 124, 133** (3d Cir. 2020)). Here, Plaintiff did not allege refiling will be time-barred. And Defendant's sales record (Mot. Ex. 2-1) demonstrates that it will not be prejudiced by dismissal: the allegedly infringing sales occurred in September 2024, and the statutory period for bringing a copyright claim is three years. 17 U.S.C. § 507(b). There is ample time remaining to refile this action in a proper forum.

Second, Plaintiff's litigation tactics weigh heavily against discretionary transfer. Section 1631 is an equitable safety- valve, not a prize for calculated forum shopping. The Seventh Circuit has stressed that § 1631 was meant to protect unsophisticated or misinformed litigants—not to bail out experienced parties making tactical errors. 72 F.4th at 228. Courts in

this Circuit have even imposed monetary sanctions when counsel filed in a jurisdiction with no legitimate connection to the dispute. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708–09 (7th Cir. 2016) ("objective bad faith" justifies sanctions where counsel pursued venue strategy a reasonably careful lawyer "would have known … to be unsound"). Here, Plaintiff consolidated hundreds of unrelated foreign sellers in Illinois, secured *ex parte* relief and a default judgment, and pivoted to Florida only after Defendant appeared and challenged the jurisdiction—conduct that squarely implicates the concerns expressed in *North*, and *Boyer*. Denying transfer avoids rewarding such tactics and preserves the integrity of judicial process.

Third, district courts in this Circuit routinely deny transfer in Schedule- A default cases once jurisdiction proves lacking. *Shenzhen Dejiayun Network Tech. Co. v. Spring Ocean*, No. 21- cv- 6607, 2024 WL 2796546, at 3 (N.D. Ill. July 11, 2024) (Daniel, J.) (vacating default, denying transfer, and dismissing where plaintiff "does not contend that the statute of limitations ... bars refiling"); *Roadget Bus. Pte. Ltd. v. Individuals Identified on Schedule A,* No. 23- cv- 17036, 2024 WL 1858592, at 5 (N.D. Ill. Apr. 29, 2024) (Pallmeyer, C.J.) (same).

In short, the equities do not favor rescue; they favor dismissal without prejudice, leaving Plaintiff free—but not advantaged—to file anew in Florida.

**B. Section 1404(a) Cannot Cure a Jurisdictional Defect**

Section 1404(a) allows transfer "for the convenience of parties and witnesses, in the interest of justice," but it presupposes that venue and personal jurisdiction are proper in the transferor court. It is not a cure for filing in the wrong forum. See *In re LimitNone, LLC*, 551 F.3d 572, 575–77 (7th Cir. 2008); *Shenzhen Dejiayun*, 2024 WL 2796546, at *2. Accord *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("A court must have jurisdiction ... before it may rule on a § 1404(a) motion."). Because this Court lacks

personal jurisdiction, § 1404(a) is unavailable. And even "in the alternative," the same interest-of-justice analysis controls; as the Seventh Circuit held in *North*, 72 F.4th at 229, "Because the interests of justice do not require transfer under § 1631, they do not under § 1404(a) either."

**C. Dismissal—Not Transfer—Is the Proper Remedy After Vacatur**

Once the void default judgment is vacated, the case stands as a mis- filed action in a court that lacks power over Defendant. The Seventh Circuit teaches that dismissal is the ordinary course where the plaintiff can still sue in a proper forum. *North*, 72 F.4th at 228; *Phillips*, 173 F.3d at 610–11. NDIL followed that guidance in *Shenzhen Dejiayun*, 2024 WL 2796546, at *3. The same result should obtain here.

**III. Request for Dismissal for Lack of Personal Jurisdiction (Rule 12(b)(2))**

In addition to vacating the default judgment for lack of personal jurisdiction, Defendant respectfully requests dismissal of this case for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). The Court's jurisdictional analysis is a threshold issue, and the record confirms that Defendant does not have sufficient contacts with Illinois to establish personal jurisdiction. The Seventh Circuit has consistently held that "the ordinary course is, indeed, to dismiss" when personal jurisdiction is lacking, and when dismissal does not prevent the plaintiff from re-filing in a forum with proper jurisdiction. See *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999).

Here, Defendant does not have the requisite contacts with Illinois to justify jurisdiction, and **the Court should dismiss the case for lack of personal jurisdiction.**

**WHEREFORE**, Defendant respectfully requests that the Court (1) vacate the default judgment (Dkt. 90) under Fed. R. Civ. P. 60(b)(4); (2) dismiss the claims against Defendant Duosheng under Fed. R. Civ. P. 12(b)(2); (3) deny Plaintiff's motion to transfer.

Dated: June 5, 2025

Respectfully submitted,

/s/ *Qin Zhuang*

Qin Zhuang

Beijing Yunting Law Firm

16-18th Floor, Ruisai Building

126 Jianguo Road, Chaoyang

Beijing, PRC 100022

0086-155-1009-0593

zhuangqin@yuntinglaw.com

***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

On June 5, 2025, I filed the foregoing document with the clerk of Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF System, which will send notification of said filing to all counsel of record.

/s/ *Qin Zhuang*

Qin Zhuang