# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Yiwu Baimei Electronic Commerce Co., Ltd., et al.

                                  Plaintiff,

v.

Case No.: 1:24−cv−12074

Honorable Lindsay C. Jenkins

The Partnerships And Unincorporated Associations Identified On Schedule A, et al.

                                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, June 6, 2025:

       MINUTE entry before the Honorable Lindsay C. Jenkins: Defendant No. 71 DUOSHENG's motion to vacate [155] is granted. The parties agree that this court lacks personal jurisdiction over Defendant DUOSHENG, so the default judgment entered as to this Defendant on February 20, 2025 is vacated. The Seventh Circuit has explained that "when federal courts find that they lack jurisdiction, they bear an independent obligation under [28 USC] § 1631 to consider whether to transfer the case." North v. Ubiquity, Inc., 72 F.4th 221, 228 (7th Cir. 2023); see 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court... in which the action or appeal could have been brought at the time it was filed[.]"). This obligation is "quite limited," however, and requires consideration of whether transfer of the case is "in the interest of justice." North, 72 F.4th at 228. Here, Plaintiff has come forward with evidence from the platform Shein that Defendant sold units to consumers in Florida and Georgia, and therefore requests that the court transfer the action as to this Defendant to the Northern District of Florida. It argues that the interests of justice are best served by a transfer because it will obviate the need to serve Defendant a second time, it will preserve the "status quo," and there is no harm or prejudice to Defendant because Florida is where the case could have been filed from the start. But where there is no bar to refiling, the court need not transfer the case. Id. ("If a plaintiff may, on its own, refile its case in a proper forum, the interests of justice do not demand transfer." (quoting Danziger v. De Llano, 948 F.3d 124, 133 (3d Cir. 2020))). In this case, the plaintiff does not contend that the statute of limitations or any other procedural obstacle stands as a bar to refiling. The court thus does not find that the interests of justice require transfer under § 1631. The Court therefore dismisses the claims against DUOSHENG without prejudice to the Plaintiff pursuing the relief it seeks in an appropriate forum. Mailed notice. (vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.