**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF**
**ILLINOIS**

| | |
|---|---|
| **Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>**Defendant.** | **Case No. 1:24-cv-12074**<br><br>**Judge: Lindsay C. Jenkins** |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO VACATE PRELIMINARY INJUNCTION

Defendant Elana Jewelry Box ("Defendant" or "Elana"), by and through its undersigned counsel, hereby submits this Reply in Support of Defendant's Motion to Vacate Preliminary Injunction in the above-captioned matter.

## I. INTRODUCTION

Plaintiff, not Defendant, bears the burden of proving the likelihood of success on the merits when a preliminary injunction is sought. In the Motion to Vacate Preliminary Injunction (Dkt. No. 160, the "Motion"), Defendant specifically alleged grounds to question Plaintiff's claim of copyright authorship, which places burden on Plaintiff to prove the truthfulness of the key information on its copyright registration certificate, such as the identity of author and nature of the work. Instead of producing any additional documents or information for the Court and Defendant to assess the validity of Plaintiff's authorship, Plaintiff, in the Response in Opposition to Motion to Vacate Preliminary Injunction (the "Opposition"), solely focused on evidentiary attack on the exhibits and specific language that Plaintiff did not like in the Motion. Plaintiff's challenge was mostly based on misunderstanding of the evidentiary rule applicable

to preliminary injunction.

This Reply will further explain why preliminary injunction should be vacated in light of the factual dispute over authorship, and why Plaintiff's challenges are legally immaterial.

## II. STANDARD OF LAW

Plaintiff asserting copyright infringement must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Schrock v. Learning Curve Int'l*, 586 F.3d 513, 517 (7th Cir.2009). When plaintiffs seek a preliminary injunction in a copyright infringement case, factual disputes over ownership of copyrights prevent a finding of probability of success on the merits. *EnVerve, Inc. v. Unger Meat Co.*, 779 F.Supp.2d 840, 842-43 (N.D.Ill. 2011); *Video Trip Corp. v. Lightning Video, Inc.*, 866 F.2d 50, 52 (2d Cir.1989).

A copyright registration certificate creates presumption of valid ownership, and the registrant is not ordinarily "forced in the first instance to prove all of the multitude of facts that underline the validity of the copyright unless the [opposing party], by effectively challenging them, shifts the burden of doing so to the [party claiming the copyright]." *Foamation, Inc. v. Wedeward Enterprises, Inc.*, 947 F.Supp. 1287, 1295 (E. D. Wis. 1996). Significant questions regarding the validity of copyright ownership arise when plaintiff's works may be derivative works based on prior works, but such information was neglected in the copyright registrations, or when the registrant falsely stated the authorship. *Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 733 (7th Cir.1996). When these questions arise, it is objectively unreasonable for plaintiffs to pursue a copyright infringement claim despite issuance of a certification of registration. *Id.*; *Foamation, Inc.*, 947 F.Supp. at 1296 (1996).

## III. ARGUMENT

### A. The Burden of Proof is on Plaintiff to Demonstrate When There Is Factual Dispute Over Copyright Ownership

In the Motion, Defendant specifically questioned why all online search results of

Disputed Works were associated with another Japanese company unrelated to the Plaintiff, despite the alleged date of Plaintiff's publication as early as July 26, 2019. In the Opposition, Plaintiff focused on attacking the exhibits and declarations that Defendant submitted to support Defendant's position but completely omitted to provide any useful information to corroborate its claim of authorship or the alleged date of publication. Plaintiff's attorney even successfully visited the Website (https://www.green-piercing.com/shop/c/cPUMPKIN/) personally, which authenticated the existence of the third-party website where earrings bearing the Disputed Works are listed. Dkt. 169-1 ¶7.

Instead of producing evidence or even any written explanation to demonstrate that Plaintiff created and published the Disputed Work before the Website, Plaintiff's attorney only noted that "it appears that this company does not ship to the United States or the Northern District of Illinois." This fails to recognize that copyright protection is less territorial compared to trademark or patent protection, and it may extend to foreign authors who have no connection with the United States at all. See, *Golan v. Holder*, 565 U.S. 302 (2012). Courts have recognized copyright ownership of foreign authors over domestic users who exploited foreign works and have provided copyright protection to foreign authors who did not register with the U.S. Copyright Office. See, *Id.* at 329; *Rudnicki v. WPNA 1490 AM*, 580 F.Supp.2d 690, 692 (2008) (ruling that works first published outside the United States are exempt from registration requirement).

The existence of the Website that publicly displays the Disputed Works with a copyright notice in English ("Copyright 2000-2020 Mixnuts.co.,ltd. All rights reserved.") is a fact that Plaintiff's attorney verified with her own visit. Dkt. 169-1 ¶7. It leads to reasonable inferences that the Disputed Works might be unspecified derivative work or that Plaintiff falsely stated authorship, which effectively challenges the presumption of valid ownership, shifting the burden of proof to Plaintiff to defend its copyright validity. *Foamation*, 947 F.Supp.

at 1295.

Defendant acknowledges that the publicly available information is insufficient to conclude false authorship, and more information from Plaintiff and third parties are necessary to ascertain the authorship. The key factual disputes remain are (1) when Disputed Works were published by the Japanese company exactly, (2) Plaintiff's actual date of creation and publication, and (3) who published the Disputed Works first. As of this filing, Plaintiff has not produced any additional information or documents that could strengthen its claim of authorship.

It is uncontroverted that there is a factual dispute over the validity of Plaintiff's ownership, and the factual dispute alone is sufficient to deny or vacate a preliminary injunction.

**B. Defendant Has Sufficiently Alleged the Factual Basis to Reasonably Question Plaintiff's Claim of Authorship and Will Comply with Further Court Orders on Evidentiary Requirement or Hearing.**

In the Motion, Defendant has pleaded with specific factual basis to explain why it has reasonable grounds to believe that Mixnuts Co. Ltd. ("Mixnuts"), a Japanese company, is the original author of the Disputed Work. Plaintiff's Opposition focused on attacking the exhibits and specific language used by Defendants but did not produce a single piece of evidence or even a declaration to address the authorship mystery. If Plaintiff were the real author who had created and published the Disputed Works before Mixnuts, why not produce anything or provide an convincing explanation for this Court to review and consider?

This Motion is a pre-discovery interlocutory motion filed by Defendant seeking relief from a drastic measure of preliminary injunction, not a motion for summary judgment. Courts are "not bound by the strict rules of evidence at preliminary injunction hearing" and "may consider reliable evidence that would otherwise be inadmissible at trial" for preliminary injunction. *National Institute of Family and Life Advocates v. Raoul*, 685 F.Supp.3d 688, 699 (N. D. Ill. 2023); *Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010) (finding that even if evidence inadmissible under the Federal Rules of Evidence can be considered in

determining whether preliminary injunction should be granted). The Seventh Circuit recognized that preliminary injunction is "based on less formal procedures and on less extensive evidence than a trial on the merits." *Rogan*, 602 F.3d at 885. At this stage of litigation, the evidentiary burden for defendants is even lower. Even an answer denying the material allegations of the complaint, without any evidence, was sufficient for a defendant to oppose a plaintiff's preliminary injunction. See *Goldman v. Henry's Drive In, Inc.*, 314 F.2d 162 (7th Cir. 1963) (holding that the district court did not abuse its discretion in refusing the preliminary injunction where all of the material allegations of the complaint were denied and there was no other evidence offered).

In the present case, Defendant has done more than simple denials. Defendant also offered proof that could impeach Plaintiff's claim of authorship and support its defense. When a defendant raises a colorable defense, a defense which, if established, would necessarily influence the court's decision and plaintiff's likelihood of success on the merits, the court must allow defendants to present enough evidence for the court to assess the probable validity and impact of the defense. *Mantek Div. of NCH Corp. v. Share Corp.*, 780 F.2d 702, 7008 (7th Cir. 1986) (finding abuse of discretion of trial court in refusing to consider defendant's evidence for defense and vacating the preliminary injunction). Courts have discretion to merely take an initial offer of proof and then determine whether more evidentiary hearings are necessary. *Id.* at 706.

**C. Plaintiff's Challenges of Defendant's Allegations or Exhibits Was Either Misplaced or Immaterial**

Throughout the Opposition, Plaintiff did not cite a single authority to support why a preliminary injunction should be granted when there is a factual dispute over authorship. Instead, Plaintiff focused on miscellaneous issues and distortions of specific language in Defendant's Motion.

It will be burdensome and sidetracking for Defendant to address each immaterial attack

raised by Plaintiff in the Opposition. Instead, Defendant will focus on the most crucial flaws in the Opposition in the following subsections, mirroring the structure of the Opposition.

### *i. Plaintiff's Characterization of Specific Allegations as Conclusory Is Wrong and Immaterial*

In the Opposition, Plaintiff provided four examples of "conclusory" language in the Motion, all of which reference to specific facts pertaining to litigation background and parties but do not materially change the factual and legal merit of the case. Despite Plaintiff's inaccurate characterization, these are not conclusory statements by definition.

Even assuming, *arguendo*, that these are examples of conclusory statements, courts may allow certain conclusory statements to remain in a party's pleading. *Compton v. DuPage County Health Department*, 426 F.Supp.3d 539, 645 (N. D. Ill. 2019) (denying motion to strike several asserted facts on the ground that they are conclusory statements); *Rivera v. Guevara*, 319 F.Supp.3d 1004, 1018 (N.D. Ill. 2018) (denying motion to strike conclusory statements in Rule 56.1 statement) Courts may decide to "eliminate from consideration any argument, conclusions, and assertions" based on judgment. *See Id.* (citing *Univ. Healthsystem Consortium v. UnitedHealth Grp.*, Inc., 68 F.Supp.3d 917, 921 (N.D. Ill. 2014)). The mere existence of factual or legal conclusions in the Motion it certainly not a ground to deny the Motion, as the Court can exercise judgment to separate the alleged facts from conclusions.

Thus, Plaintiff's wrongful characterization of certain statements as conclusory language, even if true, is immaterial.

### *ii. Attack on Defendant's Evidence: Attorney-Witness Rule Does Not Apply Here*

Courts allow attorney's affidavits under certain circumstances, especially when the primary purpose of the attorney's declaration was to present documents to be considered without attesting to the truth of the underlying documents. See e.g., *Reed v. Ford Motor Co.,* 679 F.Supp. 873 (S. D. Ind. 1988) (denying motion to strike attorney's affidavit, the primary purpose of which was to present documents to be considered). In litigations involving online

retailers, this Court has considered affidavits describing web searches conducted by defense counsel. See e.g., *Uncommon, LLC v. Spigen, Inc.*, 305 F.Supp.3d 825, 852 (N. D. Ill. 2018) (allowing defense counsel to present results of the web search that he conducted personally).

In *Uncommon*, another intellectual property infringement dispute involving online retailers, the plaintiff similarly challenged affidavits submitted by defense counsel describing defense counsel's web search results on the ground that the defense counsel lacked personal knowledge. *Id.* at 852. The Court disagreed with the plaintiff and declined to strike the defense counsel's affidavit. *Id.* The challenged affidavits include, *inter alias*, "defense counsel's web search for the parties' products," "counsel's observation of an image of Plaintiff's product, contained in the record," and a paragraph describing "counsel's search for Plaintiff's products on Amazon.com in May 2017 and [attesting] that the search results included as Exhibit 22 [124–23] are 'true and correct copies' of his search results." *Id.* The Court concluded that this is the definition of personal knowledge since the counsel himself conducted the search. *Id.* The Court also allowed the counsel to draw permissible inferences based upon personal observation in the record. *Id.*

In the present case, the attorney declaration challenged by Plaintiff (Dkt. No.159-1, the "Declaration") presents a series of exhibits (Dkt. No. 159-2 – 159-10) obtained from publicly accessible third-party websites, including the Website, Google, and Rakuten. The way the defense counsel presented the affidavit and exhibits here is highly similar to how the defense counsel in *Uncommon* presented his. The Declaration only contains search results of the disputed subject on third-party websites, and the Motion relied on reasonable inferences drawn from these search results. Defense counsel is allowed to present such affidavit and the attached exhibits as long as she conducted the search herself. *Id.*

As for Plaintiff's challenge of the summary of investigation conducted by a local land investigator, Defendant was advised not to produce the underlying report to this Court because

providing this investigation report as litigation evidence to foreign courts without government approval violates PRC law.[1] In any event, the part of Declaration describing the investigation report only pertains to Plaintiff's business address, which merely supplements the background of Plaintiff. More importantly, this Court is not bound by the strict rules of evidence at this stage and has considerable discretion to consider reliable evidence that would otherwise be inadmissible at trial. See *Raoul*, 685 F.Supp.3d at 699; *Rogan*, 602 F.3d at 885.

### ***iii. Translation Is Not Required for Documents with Foreign Language When They Were Introduced to Demonstrate the Existence of the Documents Per Se***

In the Opposition, Plaintiff challenged certain exhibits of screenshots from Japanese websites as they were unaccompanied by certified English translation required by Federal Rules of Evidence. However, all rules and cases cited by Plaintiff apply to declarations or testimonials made in foreign language, not documents that feature self-evident pictures with some foreign language elements in the background.

Certified translation is not always required for documents in foreign language when the exhibit was introduced for the sole purpose of demonstrating the existence of the exhibit itself. *Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc.*, 237 F.R.D. 106, 117 (D. Del. 2006) (overruling the objection of a Danish patent for lack of certified translation). Similar to the Danish patent in *Forest Laboratories*, the exhibits offered by Defendant was introduced to demonstrate the existence of Disputed Works on the Website operated by a Japanese company with copyright notice no later than 2020, as well as a Rakuten listing created on June 6, 2018, that contained the Disputed Works. The textual information on these Japanese websites offers little probative value to the merit of this case and does not function as testimony in the present

[1] Article 13 of *Regulations of the State Council on Handling Foreign-Related Intellectual Property Disputes* (effective on May 1, 2025): "Where organizations or individuals in China participate in foreign IP-related litigation … the provision of evidence or materials to overseas entities shall comply with Chinese laws and regulations on state secrets, data security, personal information protection, technology export controls, and judicial assistance. Prior approval from competent authorities shall be obtained where legally required." https://www.lexology.com/library/detail.aspx?g=bfabe765-7995-43bd-9c24-200f6c407745

case. Thus, certified translation is not required in this context.

### *iv. Plaintiff Omitted the Declaration and Exhibit Defendant Previously Submitted to Demonstrate Net Proceeds*

Plaintiff seemed surprised by Defendant's claim that Elana only generated $4,452 in profit, mischaracterizing this as "bare assertion… without any support." This accusation can be easily impeached by existing court records. In the initial motion to vacate partial default judgment (Dkt. No. 114), Defendant attached a sworn declaration of Chen Xiongliang (Dkt. No. 114-2) and Amazon Sales Record (Dkt No. 114-4) showing a breakdown of Amazon costs. Plaintiff did not challenge the validity or authenticity of these attachments in their response to the motion to vacate default judgment. *See* Dkt. No. 124.

The amount of net proceeds, which subtracts Amazon charges from total sales, cannot be the same as total revenue. Defendant's alleged amount of net proceeds was supported by a set of reliable evidence, while Plaintiff's alleged amount of total revenue was supported by nothing but a Declaration of L. Pittaway signed by the Plaintiff's attorney, without any direct testimony or documents produced by Amazon. The amount of net proceeds alleged by Defendant has been proven with more solid evidence than the amount of revenue asserted by Plaintiff, although Defendant acknowledges Plaintiff's asserted revenue is reconcilable with the previously submitted Amazon Sales Record (Dkt. No. 114-4).

## IV. CONCLUSION

For the reason set forth above, Defendant respectfully requests that this Court enter an order to vacate the Preliminary Injunction against all remaining defendants, or alternatively, only the preliminary injunction against Elana, and/or for any further relief this Court deems appropriate.

Date: June 20, 2025

Respectfully submitted,

*/s/ Zhongyi Huang*
Zhongyi Huang, Esq.
YoungZeal LLP
30 Wall St, Floor 8, 10005
Tel: 702.604.1535
Huang@yzlaw.com

*/s/ Shaoyi Che*
Shaoyi Che, Esq.
9355 John W. Elliott Dr,
Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/Zhongyi Huang*