**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF**
**ILLINOIS**

| | |
|---|---|
| **Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>**Defendant.** | **Case No. 1:24-cv-12074**<br><br>**Judge: Lindsay C. Jenkins** |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S (1) MOTION TO DISMISS COUNTERCLAIM AND (2) MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant Elana Jewelry Box ("Defendant" or "Elana"), by and through its undersigned counsel, hereby submits this Response in Opposition to (1) Plaintiff's Motion to Dismiss Defendant (No.12) Elana Jewelry Box's Amended Counterclaim (Dkt. No. 166. "Motion to Dismiss") and (2) Plaintiff's Motion to Strike Defendant (No. 12) Elana Jewelry Box's Amended Affirmative Defenses One Through Three (Dkt. No. 167, "Motion to Strike").

INTRODUCTION

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint or counterclaim, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when factual content that allows the court to draw the reasonable inference of liability for the alleged misconduct has been alleged. See *Ashcroft*, 556 U.S. at 678. "The

bar to survive a motion to dismiss is not high." *Gociman v. Loyala Univ. Chi*., 41 F.4th 873, 881 (7th Cir. 2022). In considering a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the pleading and draws all reasonable inferences in favor of the non-moving party. *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016). All allegations in the challenged pleading are accepted as true, and no evidence is required. *Ashcroft*, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Striking a portion of a pleading is considered a "drastic remed[y]," and the movant bears the burden to demonstrate "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Talbot v. Robert Matthews Distrib. Co*., 961 F.2d 654, 664 (7th Cir. 1992) "Motions to strike are generally disfavored because such motions often only delay the proceedings." *Kesterke v. BCD White Inc*., 2018 WL 3343079, at *1 (N.D. Ind. July 9, 2018). A motion to strike should be granted only if the language in the pleading bears no possible relation to the controversy or may cause the objecting party prejudice. *Siegel v. HSBC Holdings, plc*, 283 F.Supp.3d 722 (N. D. Ill. 2017).

## ARGUMENT

### I. Plaintiff's Motion to Dismiss Should Be Denied Because Defendant Has Sufficiently Pleaded a Defense If All Factual Allegations Are Taken as True

Plaintiff's Motion to Dismiss heavily relies on alleged evidentiary deficiencies. In Defendant's Reply in Support of Motion to Vacate Preliminary Injunction (Dkt. No. 171), Defendant has fully explained why each attack on Defendant's declaration and exhibits attached to the Counterclaim is frivolous or immaterial. Plaintiff also ignored all the substantive allegations in Defendant's counterclaim but only focused on factual or legal conclusions to make the argument that Defendant's allegations are conclusory.

To survive a motion to dismiss, the non-moving party only needs to make factual

allegations from which the court may draw an inference of the non-moving party's claim or defense. *See Twombly*, 550 U.S. at 567–68; *In re Plasma-Derivative Protein Therapies Antitrust Litigation*, 764 F.Supp.2d 991, 999 (N. D. Ill. 2011) (denying motion to dismiss). The factual allegations only needs be "plausible" in light of alternative explanation and calls for enough fact to raise a reasonable expectation that discovery will reveal more evidence of substance. *In re Plasma-Derivative Protein*, 764 F.Supp.2d at *999.

Even assuming, *arguendo*, that all challenges against Defendant's evidence are valid, the alleged evidentiary deficiency is irrelevant to dismiss a counterclaim because Defendant is not obliged to produce any evidence at all to raise the counterclaim. Plaintiff must accept all factual allegations in the counterclaim as true without challenging the underlying truthfulness or validity. Plaintiff's Motion to Dismiss completely ignored the long-standing legal principle established in *Ashcroft* that all allegations of the non-moving party should be accepted as true, and the non-moving party is not required to produce any evidence in the initial pleading.

The key factual allegations in Defendant's Counterclaim can be summarized as follows: a Japanese company started to sell products bearing identical designs online between 2018 and 2020, before Plaintiff obtained copyright registration in 2021 and even prior to or around the same time as the alleged date of publication in 2019, while Plaintiff has no identifiable online presence despite its claim that is has marketed and sold products with the Disputed Works since 2019. If all Defendant's factual allegations are accepted as true, the conclusion follows that Plaintiff is not the original author of the disputed designs, and that its alleged date of first publication and year of completion is false, which renders Plaintiff's copyright registration invalid and subject to cancellation. If it turns out that Plaintiff's copyright registrations were fraudulently obtained, the massive enforcement actions against Plaintiff's competitors will be abusive.

Plaintiff also attempted to undermine Defendant's counterclaim by raising failure to

plead intent required by 17 USC §411(b). In other words, Plaintiff tries to make an alternative argument that even if the Japanese company has prior rights over Plaintiff, Plaintiff was unaware of its existence and thus, its registration will still be valid. However, Plaintiff ignores the key copyright principle that access to, or knowledge of, the original work can be inferred from striking similarity between works. *Selle v. Gibb*, 741 F.2d 896, 901 (1984) ("an inference of access may still be established circumstantially by proof of similarity which is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.) When two works are striking similar or identical, there is a presumption of copying, which Plaintiff can only rebut by proof of independent creation with. *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441 (7th Cir. 2001) (finding insufficient proof to show the independent creation defense).

Plaintiff attempted to offer alternative explanations to the third-party works identified by Defendant, but mere possibility of alternative explanations is not a ground to dismiss counterclaim, and Defendant has alleged sufficient facts to raise a reasonable expectation that discovery will reveal more evidence of substance (e.g. direct testimony from the identified third party, forensic analysis confirming the first date of online publication, etc.). See *In re Plasma-Derivative Protein*, 764 F.Supp.2d at *999. All evidentiary challenges raised by Plaintiff in the Motion to Dismiss are attempt by Plaintiff to impose legally unfounded burden of proof on Defendant at the pleading stage to prevent Defendant from raising a meritorious counterclaim. The counterclaim raises a serious and fundamental dispute over authorship, which should be preserved for later discovery.

## II. Plaintiff's Motion to Strike Affirmative Defenses Should Be Denied Because Defendant Has Sufficiently Pleaded Each Defense with Specific Facts

Plaintiff also attempted to mischaracterize each affirmative defense raised by Defendant as "conclusory" while ignoring or denying the key factual allegations underlying each affirmative defense. Similar to motion to dismiss, a motion to strike cannot be used to

deny factual allegations, as the movant bears the burden to demonstrate "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992); *Wilkins v. City of Chicago*, 736 F.Supp.3d 616, 626 (N.D.Ill. 2024).

All three affirmative defenses are based on factual allegations that will directly affect the outcome of the case if proven true.

### *A. Scènes à Faire Defense Has Been Sufficiently Pleaded as Defendant Has Identified the Common Elements That Existed Prior to Plaintiff's Alleged Date of Creation*

In the Counterclaim, Defendant pointed out that the key elements in the Disputed Works, "namely 1) zombie hand, (2) cat on graveyard, (3) skull, (4) jack-o-lantern; (5) bat and moon; (6) spider; (7) witch, and (8) spider web" are standard elements for Halloween Declaration (Dkt. No. 159 at *18). To support the *scènes à faire* defense with respect to each element, Defendant specifically attached an 8-page exhibit showing images accessible and viewable online before December 31, 2018, which are Halloween designs with the same elements and substantially similar to the Disputed Works overall. See Dkt. No. 159-2. Nevertheless, Plaintiff totally disregarded this key factual allegation and jumped to the conclusion that Defendant's pleading was conclusory. Dkt. No. 167 at *5.

The prevalence of similar designs prior to Plaintiff's alleged year of creation suggests that the elements contained in the Disputed Works are "so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish one work within a class of works from another." *Bucklew v. Hawkins*, Ash, Baptie & Co., 329 F.3d 923, 929 (7th Cir. 2003). The Seventh Circuit has observed that "[i]f standard elements received copyright protection, then the creation of a single work in a genre would prevent others from contributing to that genre because the copyright owner would have exclusive rights in all of the genre's basic elements." *Design Basics, LLC v. Signature Construction, Inc.*, 994 F.3d 879, 889 (7th Cir. 2021) (finding that arrangement of kitchen, a great room or living room, a dining room, bedrooms, bathrooms,

and so forth is largely *scènes à faire* in floor plan design).

Like kitchen, living room, dining room, and so forth in a floor plan in *Design Basics*, the Disputed Works contain largely basic Halloween elements that are so common and almost unavoidable in Halloween-themed designs. Therefore, Defendant has pleaded sufficient factual basis to assert this affirmative defense.

### ***B. Unclean Hand Has Been Sufficiently Pleaded and Plaintiff Could Not Strike the Affirmative Defense by Denying the Underlying Factual Allegations***

If the Disputed Works are not purely *scènes à faire* Halloween elements that everyone can freely use, it follows that Plaintiff's registered works would have infringed upon substantially or even identical works created and published by a third party on an earlier date. Plaintiff challenged Defendant's unclean hand defense by denying the truthfulness of the underlying factual allegations that Plaintiff was likely not the original author but registered Mixnut's works without authorization. However, Plaintiff cannot argue that an affirmative defense was not sufficiently pled by disregarding or denying all factual allegations that Plaintiff intends to deny.

Courts have sustained the unclean hands defense in copyright infringement action when the plaintiff's conduct involved misrepresentation of the nature of their copyright. *Higgins v. Baker*, 309 F.Supp. 635, 638 (S.D.N.Y1969); *See qad. inc. v. ALN Associates, Inc.*, 770 F.Supp. 1261, 1266 (N.D.Ill.1991) ("copyright misuse, which has its historical roots in the equitable defense of unclean hands" is a complete bar to [plaintiff's] prosecution of its copyright infringement case…").

The factual allegations underlying the unclean hand defense raised by Defendant are all references to the online publication of the Disputed Works by a third party unrelated to Plaintiff before Plaintiff obtained copyright registrations, which suggests likely misrepresentation of the copyright authorship. Similar to the logical fallacies in the Motion to Dismiss, Plaintiff's arguments to strike this affirmative defense relied on a legally unacceptable denial of

allegations and attacks on the evidence produced by Defendant, rather than actual insufficiency of Defendant's pleading.

If all factual allegations of Defendant were taken as true, Defendant has sufficiently pleaded the unclean hand defense.

### *C. This Court Has Recognized Failure to Mitigate as an Affirmative Defense*

The duty to mitigate "imposes a duty on the injured party to exercise reasonable diligence and ordinary care in attempting to minimize his damages after injury has been inflicted." *Karahodzic v. JBS Carriers, Inc.*, 881 F.3d 1009, 1017 (7th Cir. 2018). The lack of mitigation is an affirmative defense. *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.2d 424, 460 (7th Cir. 2006). Courts have "generally held that where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts." *AAR Int'l, Inc. v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2002). Here, Defendant has sufficiently pled this affirmative defense and will continue to uncover additional facts through discovery.

In another similar case where Plaintiff attempted to strike the affirmative defense of failure to mitigate with similar pleadings, this Court allowed this affirmative defense to stand. *Yiwu Baimei Electronic Commerce Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No.1:24-cv-08704, ECF No. 306 (N.D. Ill. May 7, 2025). Other than conclusory statements, Plaintiff did not properly plead why this affirmative defense should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss and Motion to Strike should be both denied.

Date: June 20, 2025

Respectfully submitted,

*/s/ Zhongyi Huang*
Zhongyi Huang, Esq.
YoungZeal LLP
30 Wall St, Floor 8, 10005
Tel: 702.604.1535
Huang@yzlaw.com

*/s/ Shaoyi Che*
Shaoyi Che, Esq.
YoungZeal LLP
9355 John W. Elliott Dr,
Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2025, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/Zhongyi Huang*